HUNTINGTON *vs.* COBLEIGH *and* MINER *vs.* SAME.

Under the statute passed in 1823 directing the mode of attaching real estate it is sufficient for the officer to leave a certified copy of the attachment &c. with the Town Clerk, and direct him to record the substantial part and pay him the fees therefor.

Such attachment, when the substance is not actually recorded is good, and creates a lien against any one who has notice of such attachment from the Town Clerk, and has seen the copy on file.

A variance in the copy left with the Town Clerk from the original in a trifling and unimportant particular, does not destroy the effect of the attachment.

This was an action which was tried by the County Court,
and came into this Court upon the following Bill of ex-
ceptions.

Ejectment for part of No. 5 in the 5th Range 1st Divi-
sion in Burke.—Isaac Fiske original proprietor.

Plea General issue, both plaintiff and defendant claim
title under Samuel Dallibee.

The plaintiff to support the issue on his part read in evi-
dence to the Jury his writ of attachment against said Dal-
libee, dated February 1, 1827, and made returnable to Cal-
edonia County Court, at their April Term then next to
be holden, and purporting to have been served on the 3d
of said February, by attaching the land in question. The
plaintiff also gave in evidence a copy of said writ with the
officers return thereon, which copy was left in the town
Clerk's office in said Burke on the 3d day of February a-
foresaid by the officer serving said writ. The plaintiff al-
so gave evidence to the Jury, tending to shew that the said
officer at the time of leaving said copy in said town Clerk's
office requested said town Clerk to record the substance of
said writ, with the officers return thereon as the law di-
rects, and the officer then paid said town Clerk twenty

CALEDONIA,
March,
1833.

Huntington
vs.
Cobleigh, and
Miner vs. same
cents for recording the same. And the said town Clerk filed said copy for record ; and had no book seperate from his book to record deeds, wherein to record the substance of said writ and officer's return : and no such book was provided until January 1829. When the book was provided, the said town Clerk recorded the substance of said writ and officer's return therein, said record bearing date February 3, 1827, and was made from this copy of said writ, left in said office, and filed for record as aforesaid. A copy of this record, also a copy of the record of the judgment in favor of the plaintiff, and against the said Dallibee recovered in said action ; also the original execution which issued on said judgement, and officers return thereon, showing that the same execution was levied on the lands in question ; also copies of the records in the County Court Clerks office in said County, and in the town Clerks office in said Burke, were given in evidence to the Jury on the part of the plaintiff. The defendant objected to all, and every part of the aforesaid evidence ; but the Court overruled said objections, and admitted said evidence. The plaintiff also gave in evidence, a copy of a deed of the lands in question, executed by the said Dallibee to the defendant in this action, dated February 13, 1828, duly acknowledged, and recorded before the day of said execution. The defendant also gave in evidence the original deed of which the above is a copy. It also appeared in evidence, that the said Cobleigh when he purchased said lands, and took said deed of the said Dallibee, and for some time before had full knowledge, that said lands had been attached as aforesaid by the plaintiff ; and that said action was then pending—the said Cobleigh having seen the copy of said attachment, and filing in the town Clerk's office in said Burke, and having been informed by said town Clerk that said lands were incumbered with said attachment but is the said Cobleigh relying on the promise of the said Dallibee to clear off said incumbrance ventured to purchase, and take said deed. Under the direction of the Court in view of the aforesaid evidence, the Jury returned a Verdict for the plaintiff. The defendant excepts to the admission of said evidence, and the exceptions are allowed by the Court.

The other case of *Miner* vs. *Cobleigh*, it appears was the

same as the preceeding, with the exception that the copy of the writ left with the town Clerk upon which the same lands were attached and a portion set off on the execution issued upon the judgement thereon rendered was defective in omitting a part of the usual declaration on Book. To wit: " Render to said Miner the sum of        dollars which he, the said Miner says is justly due. "

CALEDONIA,<br>April,<br>1833.<br>———<br>Huntington<br>vs.<br>Coblieigh and<br>Minor vs. same

*Argument for Plaintiff.*—The attachment and levy of the defendant is regular unless defeated for want of a book kept in the town Clerk's office for the purpose of recording the substantial parts of writs of attachment.

If the attachment be good against Dallibee, it is good against the defendant, his grantee to the estate, with all its incumbrances. No act of the debtor (the grantee) and a third person can change or defeat the plaintiffs lien on the land.

The case resolves itself into this question. Did the plaintiff gain a lien by virtue of his attachment of the land?

This question depends upon the construction to be given to the 26 *Sec.* of the Statute of 1797, and the Statute of 1823, in addition thereto. These several Statutes have been substantially complied with. Every thing required by the Statute of '97 has been done. So far as that Statute extends the attachment is regular. The cause then rests upon the construction of the Statute of 1823. That Statute is an addition to the Statute of 1797. It is merely directory, not changing or dispersing with any thing required by the former Statute, nor does it say unless the requisitions of the last act be complied with, the attachment shall be void, or that the writ shall abate. It but imposes an additional duty upon town Clerks and Officers serving writs. Upon passing it goes into effect immediately without any special promulgation. Time enters into all human transactions. It required time to promulgate the law, and time for towns to preserve books for such records.

*Argument for Defendant.*—The objection is to the service, that the officer as appears by his return did not cause the substantial parts of said writ, together with his return thereon endorsed to be recorded in the town Clerk's office

CALEDONIA,
April,
1833.

Huntington
vs.
Cobleigh, and
Miner vs. same of the town where the land lies which is required by law. Compd. Stat. of Vt. p. 108.   To create a lien it must be express contract, usage of trade, or where there is some legal relation between the parties.   2 Saund. P. & E. 145· p. 637, 1 Edit. 1 B. & A. 582.

And if the lien exists in the present case, it is by the operation of law and the act of the plaintiff without any concurrence or consent on the part of the defendant, or of third persons.   Therefore the plaintiff must show that he has performed all acts incumbent on him by law in order to create the lien ; and in this view the acts of the Sheriff are his acts, and the service of the writ, in other words creating the lien, is a Statute regulation.   Compd. Stat. of Vt. p. 64, 65, 108.

Being such, the question is a matter of strict right. 1 Cowp. 29.   1 Burr 377.   4 Burr 2244.   1 Vt. Rep. *Townsend* vs. *Athens*, p. 285.   2 Peters Conn. Rept. 153.

And if the plaintiff does not comply with the requisitions of the Statute, he should take nothing against the defendant who has ; for if the law may be relaxed so far as to lay aside that which the legislature saw fit to make the subject of one full enactment, and treat it as surplusage or nugatory, it is for the Court to assume legislative, rather than judicial power.   And if they may dispense with the law in one particular, they may in another—therefore if it is not necessary to comply with the law of 1823, requiring the Officer to cause the substantial parts of the writ together with the return thereon to be recorded—by the same mode of reasoning the law of 1796—Sec. 26 Comp. Stat. of Vt. p. 65, which points out the mode of service prior to 1823, may also be disregarded, and have the praying out of the writ operate to create a lien, or even further, let the reason be total neglect of any judicial proceeding whatever reserving to the creditor, the naked declaration that he intended to pray out a writ, and attach said real estate.   The cases are parallel, and what would be the law in the one would be in the other.   The lien, if created at all, is by compliance with the Statutes above referred to.   Was this done prior to the defendants perfecting his title ? No— for at that stage of the proceeding, defendant took by deed

from Samuel Dallibee, duly authenticated and recorded, and acquired thereby a perfect title to the premises—provided plaintiff had not a vested lien prior—and if he had not no subsequent act of his, could operate against the vested right of defendant. To shew that in liens by attachment a strait forward course is to be pursued. See Hall Admr. of *Severance* against *Walbridge,* 2d Aikens Rep. 215, and *Murray,* et al. vs. *Eldridge,* 2 Vt. Rep. 388.

CALEDONIA,
*March,*
1833.

Huntington
*vs.*
Cobleigh, and
Miner *vs.* same

The former was where a lien had been created by attachment, which in the opinion of Court was absolved by a subsequent confession of judgment. The latter was where there was a similar lien which the Court adjudged was lost by the parties agreeing to, and having the trial forthwith. If therefore the doing of these acts which are apparently prejudicial to no one, but seem to be beneficial rather than otherwise to all interested, operate to discharge a lien. We may well ask, shall any thing short of the particularity of the Statute regulations acquire it?

But if the Court should be of opinion that after the deed to defendant, plaintiff might proceed to perfect his lien by causing the substantial parts of the writ &c. to be recorded, another question arises, whether even that be done. Indeed whatever record was made, was from the *copy* lodged at said town Clerk's office by virtue of the act of 1797, and not otherwise. The wording of the act of 1823 is " the officer shall cause the substantial parts of the writ, " naming those parts, " together with his return thereon endorsed to be recorded "—and necessarily this being a part of the service it is incumbent on him to set forth that fact in his return.

If he has simply left a copy, has he caused the recording to be done in the contemplation of the law? Can he in truth, if he has done no more, certify that he has? And if he does so make his return is it not false? Most assuredly it is for the law of 1797, required the copy to be left, and the recording is over and above.

As it regards a record from a copy of a writ, the Court in the case of *Stevens vs. Brown,* 3 Vt. Rep. 420, decided that the record of a copy of a deed, is no record in contemplation of law,—if so, wherein do the cases differ. In either case when spread upon the record, it is a copy of a

CALEDONIA,
*March*,
1833.

———

Huntington
*vs*
Cobleigh, and
Miner *vs*. same
copy. Nor is it like an execution, for the law of 1823, to which we refer applies exclusively to Mesne Process; whereas the law contemplated by the Court in Orleans County relative to the record of an execution applied solely to executions.

The defendant purchased, knowing that there was no record of said writ, and officers return, in the town Clerk's office of Burke, and gave a full and valuable consideration for the premises; believing that the dealings between the plaintiff and Dallibee, would be adjusted, as it was understood he had both the terms and means of settling with plaintiff's Attorney, so that there could be neither legal nor moral claim upon the defendant in this transaction. But on the other hand the defendant has both these to entitle him to recover.

The opinion of the Court was delivered by *Williams J.* The plaintiff claims title by the levy of an execution in his favor, against one Samuel Dallibee, and the defendants title is a deed from Dallibee dated 13 February, 1828.— The attachment on which the judgment in favor of the plaintiff was rendered on which the execution issued was served prior to the date of the deed. The question is, whether that attachment was served, so as to create any lien on the land in question; and this depends on the construction of the law regulating attachment; more particularly the Statute passed in 1823, in relation to attaching real estate. The doings of the officer in serving the writ of attachment as well as the knowledge that the defendant had of the proceedings, appear from the case as allowed by the Judges who sat at the trial.

Previous to passing the Statute of 1823, nothing more was required of the officer serving a writ of attachment, to create a lien on the estate than to leave a copy of the writ with a description of the land attached with the town Clerk and with the defendant in the writ. There was no taking possession as there is when personal property is attached— leaving the copy with the town Clerk, was the attachment which created the lien, and what gave notice to all of the incumbrance thereby created.

This act is unrepealed, and the same ceremony must still be performed in attaching real estate.

But from some inconveniences suffered, possibly those suggested in the argument, as that the copy frequently was lost (though it was the duty of the town Clerk to keep it,) the Statute of 1823, was passed.   The object of this Statute was more effectually, to give notice of the incumbrance created by the attachment, and more effectually to preserve the evidence of the same.   The officer was required to cause to be recorded in the town Clerk's office, in a book to be kept for that purpose, the substantial part of the writ and the officer's return thereon.   This Statute was directory to the officer ; prescribed no consequences as attaching to his neglect in this particular, and without his doing it, so far the parties are concerned, the service would be good to hold them to appear ; and to give jurisdiction to the Court over them.

It is obvious that the officer cannot control the town Clerk ; he has neither the physical nor the legal power to compel him to procure a book to be kept for the purpose, nor to record what is requisite, at any time that he may wish.   The Clerk might be engaged, and it might be several days before he would be able in the regular course of his business to make the necessary record.   It is therefore sufficient for the officer to do as he did in this case ; leave a true and attested copy with the town Clerk, and direct him to record the substantial part of the writ as pointed out by the Statute, and pay him his fee therefore.   As the original is not to be recorded, but only the substance of the same, and as the copy is to be authenticated by the certificate of the officer, the Clerk may safely record what is necessary to be done from that copy, and it would be liable to none of the objections which are raised against recording from a copy unauthenticated by the certificate of any one who is authorised to certify the same.

It may then be enquired what is to be the effect, if the town Clerk neglects his duty in this particular.   Since the Statute of 1823, the record of these attachments are to be made in a book kept for the purpose.   To this book persons are to resort, who wish to obtain information whether any land has been attached, and if a creditor or person desireous of purchasing finds no such record on enquiry, he may safely attach or purchase, unless he has other notice

CALEDONIA,
March,
1833.

Huntington
vs.
Cobleigh, and
Miner vs. same
that an attachment has been made. Under the former law he was compelled to take notice of an attachment when a copy had been left. But under this Statute he has no constructive notice, unless the substance is recorded—but he may still be affected by actual notice of an attachment.

Inasmuch, however, as the attachment is valid when the officer has left the copy and given the necessary direction, although the substance is not recorded—as between the parties to the suit, and as the object of the latter Statute is solely for notice and to perpetuate the evidence thereof, a purchaser or attaching creditor who has actual notice of any such prior attachment, must be postponed and take the estate on the lien subject to the first attachment.

Having this view of the nature of an attachment, and the service thereof, and the object of the Statute ; as it is found that the defendant had notice of the attachment of the plaintiff, being informed thereof by the town Clerk, and having seen the copy of the attachment and the filing thereof in the town Clerk's office, previous to taking his deed, and as there is no other objection to the attachment or service thereof, the title of the defendant is subsequent to that of the plaintiff, and the plaintiff must recover.

In the case of *Miner* vs. the *same* defendant, the title on both sides is similar to the one which we have been considering, except there is a trifling omission in the copy left with the town Clerk on comparing it with the original.

With respect to this, the general rule is, that if the copy is so wholly defective that the original, if like it, would be altogether void, and could not be made good by amendment—it is no notice of a regular attachment. Those who are to be effected by it may consider the original as similar to the copy, and need not enquire any further, but may treat it as void. This was decided in the case of *Herring* vs. *Harmon* in Orleans County March Term 1832. In the present case the variance was trifling and immaterial, and the original writ, if like the copy, would not have been liable to any serious objection. A lien was therefore created in favor of this plaintiff also by the attachment and the result will be the same in both cases.

The judgment of the County Court in both cases must be affirmed.—Judge Royce dissenting—

*Messrs. Fletcher & Mattocks*, for Plaintiff.
*Messrs. Cahoon & Paddock*, for Defendant.