WINDSOR,
*February,*
1837.

SAMUEL AUSTIN, JR. *v.* SOLON CUMMINGS.

A verdict, taken by consent, on one of several pleas, will not deprive the party, against whom it is taken, of the benefit of his averments in other pleas, which are demurred to.

A sale, by partners, of the partnership effects to a third person, and a subsequent dissolution of the partnership, and an assignment, from one of the partners to the other, of all his interest in the partnership, the assignee taking all the partnership effects into his own hands, operates as a discharge, by the act of the parties, of a covenant of the assignor, previously made with the assignee, to pay the debts of the partnership, out of the partnership effects.

A partner purchases of his co-partner, all such co-partner's interest in the company property, and gives a bond to pay all the debts of the company, and to indemnify such co-partner from all damages and costs arising from such company debts ; such bond, to prevent a circuity of action, operates to control a previous covenant from the obligee to the obligor, to pay the debts of the partnership out of the partnership effects.

As the law does not presume fraud, it is not to be inferred by argument.

THIS was an action of covenant broken, and comes to this Court by appeal from the judgment of the County Court.

The plaintiff in his declaration alleged, that on the 28th day of November, 1831, articles of partnership were made and entered into by and between the plaintiff and defendant, in and by which articles it was stipulated and agreed, that the plaintiff and defendant should become partners together, as merchants, for the term of three years, from said 28th day of Nov. 1831, under the name and firm of Austin & Cummings; and that the defendant, among other things, covenanted to render to the plaintiff, at the end of each year, if requested, a true and full statement of the partnership property and concerns, including all debts due to and from the company ; and that, at the end of the partnership, the defendant would, as soon as might be conveniently done, pay all debts due from said company, out of the avails of the demands in favor of said company, and other property of said company, and averred that the defendant, during the whole of said three years, carried on said business of merchandize, pursuant to said articles of co-partnership, and that the plaintiff, at the end of each year, requested the defendant to furnish a true statement of the concerns, of the said co-partnership, according to the stipulations of said articles ; that the defendant, at the end of each year, furnished a statement, purporting to be a true

and full statement of said partnership concerns; yet that neither of said statements were true and full statements, in this, to wit, that there were, at the expiration of said three years, three promissory notes, outstanding against said company, which were not included in either of said statements, one of which notes was dated at Boston, on the 20th day of June, 1833, and given for $149,49, payable to Hastings, Marsh & Co., or order, in six months from its date; another of said notes was dated at Boston, on the 24th day of September, 1833, and given for $237,86, payable to James Fullerton & Co., or order, in three months from the date; the other of said notes was dated at Bethel, on the fourth day of January, 1834, given for $91, 87, made payable to Benj. A. Abbot, or order, on demand and interest; all of which said notes were signed by the said Cummings with the said partnership name, of Austin & Cummings, and were all due at the expiration of said partnership;—that the defendant did not pay either of said notes within a convenient and reasonable time after the dissolution of such partnership, with the avails of the partnership debts and other property, and that there were amply sufficient debts and other property of said company in the hands of the defendant, at the close of said partnership, to pay all the debts due from said company, including the said three notes, and that the defendant had never paid the same, nor either of them;—that, after the expiration of said partnership, to wit, on the first day of April, 1835, the plaintiff and defendant made a settlement, of such of their co-partnership concerns, as were contained in said statements, and said notes not having been presented, in any of said statements, were not settled,—and, that the plaintiff, being jointly holden with the defendant, for the payment of said notes, had been compelled to pay, and had paid the same.

To the first breach, so assigned, the defendant pleaded that the plaintiff did not, at any time, during said partnership, ever request the defendant to furnish or cause to be furnished, to the plaintiff, any account of the condition of said partnership, or the concerns thereof, according to the stipulations contained in said articles of co-partnership, and that the defendant did not, at any time, during said partnership, furnish, or cause to be furnished to the plaintiff, any

statement, purporting to be a just and true account of the condition of said co-partnership, or the concerns thereof, and thereof put himself upon the country.

To the second breach assigned, the defendant pleaded, that, long before the expiration of said three years, during which the said partnership was to have continued, tò wit, on the eleventh day of April, 1834, the plaintiff and the defendant sold out and delivered to one Solomon Downer all their goods and stock in trade, for the sum of two thousand dollars, and the payments made, and security therefor taken, were made to, and taken in the name of, and went into the hands of the plaintiff ; that afterwards, to wit, on the 22d day of April, 1834, the plaintiff and defendant, by mutual agreement, dissolved their said co-partnership, and the defendant, for and in consideration of the sum of $1600, paid him, by the defendant, conveyed, assigned and delivered to the plaintiff all the estate, goods, chattels and effects, debts, securities and demands, of every name and nature, belonging to the said co-partnership, and all the profits which had been made in said business, and that the plaintiff undertook and agreed to pay all the debts due from said company, and to indemnify and save harmless the defendant, from all the said debts and costs; and, on that occasion, the plaintiff executed and delivered to the defendant a bond, in the penal sum of twenty thousand dollars, to which was annexed a condition ;—that, if the plaintiff, his heirs, executors, or administrators, should well and faithfully, at his or their own costs, and expense, pay and discharge all debts, demands and claims, of every description against the said firm, of Austin & Cummings, and should, at all times, save harmless and indemnify the defendant, his heirs, executors and administrators, from all costs, charges, damages and expenses, which might accrue to him or them, in consequence of said debts and demands against said firm, and also, against all costs, damages and expenses, that might arise or accrue to the defendant, in collecting and prosecuting the claims in favor of said firm of Austin & Cummings,—then, the said written obligation was to be void, otherwise of force.

The plaintiff replied to said second plea, that the said writing obligatory, mentioned in said second plea, was foun-

ded wholly on the amount and description of debts, con-
tained in the said statement, furnished by the defendant, as
mentioned in the plaintiff's declaration, and upon the full and
well grounded presumption, that the said statement, so fur-
nished by the defendant, contained a true description of all
the debts due from the said firm of Austin & Cummings,
and was intended, as between the plaintiff and defendant, to
bind the plaintiff to pay, and save the defendant harmless
from those debts only, which were included in the said state-
ment. To which replication the defendant demurred, gene-
rally, and the plaintiff joined in the demurrer.

The county Court decided, that the plaintiff's replication
to the defendant's plea in bar, of the second breach, assign-
ed in the plaintiff's declaration, was insufficient, and by con-
sent of the plaintiff, a verdict was entered for the defendant,
upon the issue joined to the country. The plaintiff appeal-
ed from the judgment of the county Court to this Court.

*T. Hutchinson,* for plaintiff.

The chief, and, perhaps, the only question, that can arise
upon these pleadings, is, whether the plaintiff is estopped
by his bond, set up in the defendant's plea in bar, from aver-
ring the facts contained in his replication. For, if the plain-
tiff is not thus estopped, the propriety and justice of his
claim, to recover of the defendant the amount of the three
notes, described in the assignment of the breach, or at least,
half of that amount, is too obvious to be withstood by any
argument or pretext whatever. A contract by the plaintiff,
to pay all the debts due from the partnership, made after the
defendant had furnished a statement of what he said were
all the debts due from the partnership, must be understood to
refer to those debts and those only, which the defendant had
thus reported, or stated to be due from the partnership. The
partnership effects, specified in the report, was what the par-
ties were contracting about; and every contract must be
construed in reference to the subject matter of it.

The expression, " debts due from the company," means the
same, when referred to the subject matter of the contract, as
the debts, which the defendant, in his statement, represented
to be all that were due from the company ; and, upon cor-
rect principles, the defendant is estopped from contending to

WINDSOR,
February,
1837.
―――――
Austin
v.
Cummings.

the contrary of this.   Instance, a man sells his property without mentioning his claim to it,—See 6 T. Rep. 668, *Porter* v. *Shepherd*.   3 Johns. Rep. *Jackson*, v. *Myers*, page 395, in Kent's opinion.   The same principle is recognized in 3 T. Rep. 675, *Pomroy et al.* v. *Parkington et al.* Dougl. 584, *Goodtitle* v. *North and Others.*

Upon the whole facts, presented in these pleadings, the defence, contained in the plea in bar, is altogether unconscionable.   This is true, whether those facts operate as a technical estoppel, or show the defence inequitable, or illegal.

We refer to a few cases, which we consider in point.   1 Term. Rep. 619, *Winch* v. *Keeley.*   Also, Aikens' Rep. 2 vol. 373, *Strong* v. *Strong*, and sundry cases, there cited, which see on page 376.

See, also, N. York cases in Error, 305, *Betts* v. *Turner*, where the intent, and not the letter of the contract, must govern.   See, also, the case of *Taylor* v. *Gallups*, 8 Vt. Rep. 340.

*Marsh & Converse*, for defendant.

The issue to the country, on the plea to the first breach, being found for the defendant, precludes the plaintiff from insisting, under the demurrer, that he requested of the defendant a statement of the partnership concerns, at the expiration of each year, and that defendant furnished one.

The plea states, and the replication admits, that all the property and funds of the company passed into the hands of defendant, by the agreement of the parties, before the expiration of three years.   Hence, the defendant was discharged from his liability to pay the outstanding debts against the company, at the expiration of three years, out of the partnership effects.

The facts, set forth in the plea, are not denied by the replication, but are attempted to be avoided by the allegation, that the bond, given by the plaintiff, to the defendant, conditioned to pay, all the outstanding debts against the company, was founded upon the supposed statement of the concerns of the company, furnished by the defendant ; and on the presumption, that such statement contained a true list of all the debts due from the company ; and that the bond was intended to save the defendant harmless from such debts, only, as

were included in the statement, which, the record shows, was never requested, nor furnished.

WINDSOR,
February,
1837.

Austin
v.
Cummings.

The plaintiff is not at liberty thus to contradict his own bond, and we deem it unnecessary to cite authorities to sustain this position.

The opinion of the Court, was delivered by

ROYCE, J.—The verdict has negatived the fact, that the plaintiff ever requested any statements to be furnished, in pursuance of the defendant's covenant, and the fact, that the defendant ever furnished them. But the verdict, having been taken by consent, and after a judgment on the demurrer, the plaintiff is still entitled, under the demurrer, and in support of the second breach assigned, to the benefit of those averments in his replication, which stand demurred to. It must therefore be taken, for the present purpose, that the defendant did furnish statements of the outstanding debts against the company, omitting the three notes, as alleged in the declaration. The question will then be, whether, upon the whole record, relating to the second breach, the plaintiff is entitled to judgment.

The covenant, now in question, obliged the defendant to pay the outstanding debts, "with the avails of the partnership demands, and other company property." It did not oblige him to do this, as the claims against the firm should respectively fall due, but "as soon as reasonably might be, after the expiration of the partnership." But the plea alleges that, before the partnership ended, all the goods and stock in trade were sold and delivered to Downer, by the joint act of both these parties, and that the payment for the same was received by the plaintiff alone. It also alleges, that, when the partnership was determined, the defendant sold all his interest therein to the plaintiff. These facts, of themselves, aside from the plaintiff's bond to pay the outstanding debts himself, furnish an answer to this part of the defendant's obligation. The obvious reason is, that before the time had arrived, when his covenant required him to pay the debts, all the means, with which he was to make payment, had, by the assent and contract of the plaintiff, been withdrawn from his possession and control. He, therefore, became discharged from his covenant by the plaintiff's act.

Another ground of defence is supplied by the plaintiff's bond, unless the effect of that instrument is qualified by the matter set forth in the replication. If in force, according to its terms, the bond must, unquestionably, operate to control the covenant, in order to.prevent a circuity of action.

The replication does not charge fraud upon the defendant, and, therefore, none is to be imputed. As the law does not presume fraud, it is not to be inferred by argument. Hence, we are only at liberty to suppose, that the defendant, in his statements of outstanding debts, omitted the three notes through forgetfulness or mistake, and that the plaintiff executed the bond, without being apprised that such notes existed. But proof of these facts, alone, could not be admitted, in an action upon the bond, to destroy its validity, or to restrict or qualify its operation. It follows, for aught that appears to us, that the bond might be deemed to have imposed a legal obligation upon the plaintiff, commensurate with its terms; and these required him to pay all existing debts of the partnership. Whether a Court of equity would be disposed to rectify or vacate the contract, is a question, with which, at present, we have no concern.

Judgment of county Court affirmed.