# GRAND ISLE COUNTY.

## JANUARY TERM, 1839.

———— •

PRESENT, HON. CHARLES K. WILLIAMS, *Chief Justice.*
  "  STEPHEN ROYCE,  } *Assistant Justices.*
  "  JACOB COLLAMER,
  "  MILO L. BENNETT.

JOSEPH K. SEWELL *v.* GILES HARRINGTON.

An officer having personal property in his possession, by virtue of a writ
  of execution against the owner, may maintain trespass against any one
  who takes it out of his possession.  Nor can his right be contested on
  the ground that the execution has not been returned, when the property
  was taken from his possession before the return day.

Such execution cannot be considered as void because the officer made out
  the writ of attachment on which the judgment was rendered.  It is
  voidable only by the judgment debtor.

THIS was an action of trespass for taking a wagon.  Plea,
not guilty, with notice of special matter.  Trial by the
court.

On trial, in the county court, the plaintiff offered in evi-
dence an execution in favor of *George Miller* v. *James H.
Clark*, issued on a judgment rendered by Joseph Sewell,
justice of the peace, the 11th of July, 1836, for $58,76
damages and $2,63 costs of suit, together with evidence
that about one week before the taking of said wagon by

the defendant, it was discovered by the witness, early in the morning, standing under witness' shed, near his barn ; and the same day the plaintiff, who was a deputy sheriff, came there with an execution against James H. Clark, and took the wagon, and with the help of the witness put it into the witness' granary, where it remained until it was taken by George W. Goodrich and the defendant. The plaintiff lived about one mile from witness' house, and did nothing more with said wagon. The execution aforesaid had no return upon it. Here the plaintiff rested his case, and the defendant contended, inasmuch as the plaintiff had not shown a legal judgment, upon which the execution issued, and the execution contained no return or proceedings of the plaintiff, and the plaintiff not having the actual possession of said wagon, that the plaintiff had not made out a sufficient title to it to enable him to maintain this suit. But the court decided that the plaintiff was not obliged to show a valid judgment, but that the execution aforesaid, apparently good upon the face of it, was sufficient, and that the facts proved were sufficient to enable the plaintiff to maintain this suit.

The defendant gave in evidence a writ of attachment in favor of Horace Leffingwell against James H. Clark, the owner of said wagon, by virtue of which said wagon was taken by the defendant and George W. Goodrich, constable, and was disposed of for the legal satisfaction thereof.

The defendant also proved that the original writ, in favor of Miller against Clark, was drawn and filled up by the plaintiff, who was deputy sheriff at the time, and that said Clark had no notice of the pendency of the suit in favor of Miller against him until after the wagon was taken by Goodrich, as aforesaid ; he also proved that said Clark had brought a writ of review, according to the statute in such case provided, and recovered judgment of nonsuit against said Miller in the said suit, in consequence of the writ being drawn and filled up by the plaintiff while deputy sheriff, as aforesaid. It also appeared in evidence that the wagon was the property of said Clark.

The defendant contended that, under the foregoing facts, the plaintiff was not entitled to recover.

But the county court decided that the plaintiff was entitled to recover nominal damages, and rendered judgment for the

plaintiff to recover one cent damages and his costs. To which several decisions the defendant excepted.

G. *Harrington,* pro se.

1. At the time of the taking by the defendant the plaintiff had neither an actual nor a constructive possession of the wagon. It was legally in the possession of the person with whom it was left. *Newton* v. *Adams et al.* 4 Vt. Rep. 445.

II. There is no evidence that the plaintiff ever levied the exeuution upon the wagon. The fact that he had the execution *with him* was no evidence of a levy of it.

II. As the plaintiff sues in his own name, he must show a legal judgment, and the execution, though good upon the face of it, does not avail him without such showing.

III. The judgment was void and the plaintiff would not have been liable to Miller if he had neglected to execute it.

*S. S. Brown* and *F. Hazen,* for plaintiff.

I. The execution in this case was a sufficient authority for the plaintiff, and it would be extremely dangerous to make the officer liable for a defective judgment.

II. The judgment was not void, but voidable, and was a sufficient justification to any person acting under it, until duly set aside or vacated, which was not done till long after this suit was commenced.

III. No return was necessary on the execution, as the property was taken away by the defendant before the plaintiff had time to advertise and sell it. The defendant cannot take advantage of his own wrong in taking the property and preventing the officer from making a return.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—The case, as drawn up, presents but two questions. 1. Whether the plaintiff had the wagon in his possession by virtue of the execution issued on the judgment in favor of Miller against Clark ; and, 2. whether the execution was so far void that the defendant was justified in taking the property in question from the plaintiff's possession by virtue of the execution in favor of Leffingwell against Clark. On the first question, it may be remarked, that as the trial of the issue was by the court, it is to be inferred that the fact of possession was found by them, unless it should appear that the evidence was insufficient, in law, to establish the fact. The party excepting must always have enough stated to show that

GRAND ISLE, error has intervened.   In the case before us, in stating the
January,
1839.        evidence, it is not very explicitly set forth that the plaintiff
———          took the wagon by virtue of Miller's execution.   It might,
Sewell
v.         however, be inferred that such was the case.   It appears that
Harrington.  the plaintiff was a deputy sheriff; that he had the execution
in his possession to serve and return, and further, that the
county court, who tried the issue, found that he had the wagon
by virtue of an execution.   We can see nothing, therefore, to
induce us to disturb the judgment of the county court on this
point, as we cannot say the evidence was legally insufficient
to prove that he took and held the wagon, as deputy sheriff,
by virtue of the execution in favor of Miller.   Nor was it
any objection to the right of the plaintiff, in this case, that the
execution was not returned.   The writ of execution was a
final process, and, moreover, before he could legally complete
his service thereon, it was taken from his possession by the
defendant.

On the other point in the case, it may be remark-
ed, that the execution issued upon a judgment of a court
of competent jurisdiction, having jurisdiction of the par-
ties to that judgment, and also of the controversy between
them.   It cannot, therefore, be considered as void, but voida-
ble only.   It was optional with Clark, the debtor, whether
the judgment should remain good or be set aside, and if he
had not thought proper to bring his writ of review, the judg-
ment would have remained in force, notwithstanding the writ
was drawn up by the plaintiff, who was a deputy sheriff.   It
is true, the statute declares that no sheriff, deputy sheriff,
&c., be allowed to make any process, or fill up any writ, de-
claration, or complaint, and further declares, that all such
acts, done by either of them, shall be void ; and that such
process, writ, declaration, &c., shall be dismissed, the plain-
tiff become nonsuit, and the defendant recover his costs ; but
the terms made use of show that it is voidable, and remains
good until avoided by plea or motion, and not so absolutely
void from the beginning as that no one is bound by it.   The
The case of *Prigg* v. *Adams, et al.*, 2 Salk. R. 674, is very
decisive of the case before us, on this point, where it was held,
that, although an act of parliament declared that a judgment
entered for under forty shillings, in certain cases there men-
tioned, should be void ; yet the judgment was not so far void
that the party could take advantage of it in a collateral ac-

tion, but it was voidable only by plea or upon error. The plain-tiff, therefore, at the time the property was taken by the defendant, had the custody of it, by virtue of an execution apparently good, until it was set aside on the writ of review brought by Clark against Miller. In consequence of the judgment Miller against Clark being set aside, the plaintiff was not entitled to recover of the defendant, who took the property by virtue of the execution Leffingwell against Clark, the whole value of the property, but he was entitled to the nominal damages, which were awarded to him by the county court. The judgment of the county court is, therefore, affirmed.