### HARMON COX v. CYRUS JOHNS.

Where a sheriff served a writ of attachment on lands and returned that he had left in the hands of the defendant a true and attested copy of the writ, with his return thereon endorsed, and also that he had left a *like copy of the writ*, in the town clerk's office of the town where the lands were situate, and had caused the material *part  thereof* to be recorded ; held, that such an attachment created no valid *lien* on such lands against a subsequent *bona fide* purchaser.

EJECTMENT, for a piece of land in Huntington.  Plea, not guilty.  Issue to the court.

Upon the trial, in the county court, the plaintiff offered in evidence the copy of a record of a writ of attachment in his favor against one Kimball Marshall, a judgment and writ of execution thereon and a levy of said execution upon the land in question. .  The return of the officer, endorsed upon the writ of attachment, was in substance as follows ;—

" CHITTENDEN COUNTY, ss.      } Then by virtue of this writ *Huntington, Aug.* 10, 1837. }   and by direction of the plaintiff therein, I attached, as the property of the within named Kimball Marshall, all the real estate in the town of Huntington, &c,  " and I caused to be delivered to the said Marshall a true and attested copy of this writ, with this my return hereon, thereon endorsed; and I also, on the same day, left a like true copy of this writ in the town clerk's office in the town of Huntington and caused the material part thereof to be recorded.

" Attest,      T. CRANE, <i>D. Sheriff.</i>"

The levy of the execution was made on the 13th of November, 1837.

The defendant, to sustain the issue on his part, offered in evidence a deed of the land in question from said Kimball Marshall to one Heman Gillett, executed the eleventh day of August, 1837, and recorded in the town clerk's office in Huntington, on the same day, and a deed from said Gillett to the defendant of the same land, duly executed and recorded.

The county court decided that the attachment, above stated, did not create a prior lien in the plaintiff, on the land so attached, against the title of the defendant and rendered a judgment for the defendant. The plaintiff excepted.

*Wm. P. Briggs*, for plaintiff.

*Maeck & Smalley*, for defendant.

The opinion of the court was delivered by

BENNETT, J.—The only question, presented for our consideration in this case, is in regard to the effect of the attachment in favor of the plaintiff against Kimball Marshall. Is it operative to create a *lien* on the lands in question, as against the title of the defendant, which is derived by deed from Marshall subsequent to the attachment, but prior to the levy of the plaintiff's execution?

When real estate is attached, it is necessary by the act of 1797, that the officer serving the writ should leave with the town clerk of the town, in which the lands are situated a true and attested copy of the same "together with a description of the estate so attached," and by the act of 1823, it is made his duty, "to cause to be recorded in the town clerk's office of such town, the substantial part of such writ, together with his return thereon." The officer certifies in his return that he caused to be left in the hands of Marshall "a true and attested copy of the writ, with his return thereon endorsed, and also *a like copy of the writ* in the town clerk's office." There can be no doubt, it is necessary that the copy of the writ left with the town clerk, should contain a copy of the service, specifying the property attached. Without this, no lien can be created and no notice of an incumbrance. The officer says he left "a like copy of *the writ*, with the town clerk, and caused the material *part*

*thereof,* to be recorded." Does this imply, or are we to *in-*

*tend,* that an attested copy of the service was also left with the town clerk, and the substance thereof caused to be recorded in his office ? Had the officer simply said, that he had also left " *a like copy*" with the town clerk, it might with some propriety be claimed, that the words " *like copy,*" referred as well to the service, as to the writ, and included both. But the officer has by his return tied himself down to the one, and the principle of construction, in such case, is according to the maxim ; " *expressio unius exclusio alterius.*

The statute has prescribed the manner in which a *lien,* by attachment, can be acquired on real estate, and it must appear, affirmatively, that it has been substantially complied with. We cannot defeat the title of a subsequent purchaser by creating a prior *lien* by intendment. The evidence must clearly and positively show that such *lien* does exist. In the present case the plaintiff's attachment does not, we think, show any *lien* on the lands in question, and the judgment of the county court must be affirmed.