##### FOR THE

#### COUNTY OF ESSEX.

#### MARCH TERM, 1843.

---

##### PRESENT.

Hon. CHARLES K. WILLIAMS, Chief Judge.
Hon. STEPHEN ROYCE,  } Assistant Judges.
Hon. WILLIAM HEBARD, }

---

### John S. Nelson *v.* David E. Denison.

If a writ, returnable before a justice of the peace, is put into the hands of an officer for service more than sixty days before the return day therein named, it is his duty, under the statute, to omit making any service thereof until within sixty days before the return day.

If the officer, in such case, attach property upon the writ more than sixty days before the return day, he is not justified by the writ, and acquires no title to the property, as against an officer who subsequently takes the same

---

*⃰*For the cases decided in Essex, Orleans and Lamoille counties, in 1843, I am indebted to the courtesy of Hon. Wm. Slade, the Reporter of Vol. 15 of the Vermont Reports, by whom they were furnished to me, and by whom the greater part of the labor of preparing them for publication was performed. With the exception of the marginal notes, a few notes which have been appended to the cases, and some few changes in the text, made for the sake of brevity, the cases are published as they were prepared by Mr. Slade.

P. T. W.

Nelson *v.* Denison.

property from his possession by virtue of a regular execution ;—and it makes no difference that the debtor neglects to appear at the time set for trial in the first writ and object to the irregularity of the service.

Where a statute prohibits any thing to be done, an act done in contravention of the prohibition must be adjudged void and inoperative, if the statute cannot otherwise be made effectual to accomplish the object intended by its enactment.

TRESPASS, brought to recover for a quantity of wheat and oats in the straw. Plea, the general issue, with notice of special matter, and trial by the court.

It appeared that the plaintiff, as deputy sheriff, attached the property in dispute as the property of one James Long, on two writs against him, one in favor of Allen Gould, dated September 3, 1840; and the other in favor of Seth Cushman, dated September 2, 1840, and both returnable before one Cummings, a justice of the peace, on the 28th day of November, 1840. The attachment was made by the plaintiff on the 4th day of September, 1840.

The defendant justified, as having taken the property as constable of Guildhall, on the 5th day of September, 1840, on an execution in favor of Wilson & Richardson against said Long, which issued on a judgment recovered before John Dodge, justice of the peace, on the 9th day of May, 1840, for $72,96 damages, and $2,87 cost, which execution was issued the same day the judgment was rendered, and was made returnable in 120 days. The property was removed by the defendant when he attached it, and was duly advertised and sold on the execution.

The county court rendered judgment for the plaintiff. Exceptions by defendant.

*Bell & Heywood* for defendant.

1. The service of the writs, under which the plaintiff claims his right to sustain this action, was void. The statute says, that "A 'justice writ of summons, or attachment, shall be served not less ' than six, nor more than sixty days before the time therein appoint- ' ed for trial." Rev. St. 171, sec. 12.

The writs were dated September 3, 1840, and were made return-

able November 28, 1840, and were served by the plaintiff, September 4, 1840,—eighty-five days before the day set for trial.

It will be contended for the plaintiff that the defect could be taken advantage of by the defendant, only, in those suits; and that, if he omitted to plead in abatement, he waived the irregularity. But this, being an act done contrary to law, could not be waived.

The subsequent attaching creditors have an interest to have the property promptly sold, that they may receive the balance, and the debtor could not waive their rights.

*S. Cushman* for plaintiff.

The grain was attached by the plaintiff on the fourth day of September, he having, in all things, complied with the requisitions of the laws of this state. By the attachment the plaintiff acquired such an interest in the property, as would enable him to maintain an action of trespass against any person, who should subsequently take it away. Rev. St. 181, sec. 21. *Bliss* v. *Stevens,* 4 Vt. 88. *Stanton* v. *Hodges,* 6 Vt. 64.

But it is contended by the defendant that the plaintiff acquired no right to, lien on, or interest in, the property, for the reason, that the return day in the writ was more than sixty days after the day of service. This defect could have been taken advantage of by no one but the debtor. The writs are not void in consequence of it, but merely voidable. The statute is directory; but the parties may agree that the writ may be returnable in five days, or fifty days, after date and service, although the statute has secured to the defendant six days, in which to prepare for trial on the one hand, and, on the other, has provided that the defendant's property, or body, shall not remain in the custody of the law more than sixty days, before he may have an opportunity for trial.

Unless this defect in the proceedings rendered the officer a trespasser, the plaintiff had a legal lien on this property,—a special, qualified interest. Subsequent attaching creditors, or purchasers, cannot be permitted to take advantage of any *defect in the return* of an officer on a writ, on which the property was first attached. *Harris* v. *Langdon,* 5 Vt. 231.

The plaintiff's right to the property could not have been ques-

tioned, even had he made the writ. *Sewell* v. *Harrington*, 11 Vt. 141. *Eastman* v. *Curtis*, 4 Vt. 616. A writ, returnable to the next term of the court but one, may be amended, and the writ is not void therefor. *Cayward* v. *Doolittle et al.*, 6 Cow. 692; 1 N. Y. Dig. 50. A *capias ad satisfaciendum*, or *respondendum*, may be amended, when it is returnable at a wrong term. *M'Konkey* v. *Glen*, 1 Cow. 141; 1 N. Y. Dig. 50. When a term intervenes between the *teste* and return of a writ of inquiry, it may be amended. It is cured by the statute of jeofails. *Adm'r of Desmond* v. *Carpenter*, 8 Johns. 183; 1 N. Y. Dig. 55. A *ca. sa.*, tested out of term, is not void, but voidable only, and may be amended on motion. 1 N. Y. Dig. 59; *Jones* v. *Cook*, 1 Cow. 309. An execution, returnable out of term, is not void, but amendable. *Cramer* v. *Van Alstyne*, 9 Johns 386. So an execution, issuing for too large a judgment, is not void. A *certiorari* may be amended, though a term intervene between its *teste* and return. *Bissell* v. *Kip*, 5 Johns. 89; *Jackson* v. *Crane*, 1 Cow. 38; N. Y. Dig. 61.

The opinion of the court was delivered by

WILLIAMS, Ch. J. This was an action of trespass, brought by the plaintiff to recover of the defendant for a quantity of wheat and oats in the straw, taken by the defendant. It appears that the plaintiff, who was specially deputed and authorized, on the 4th day of September, 1840, took the property in question, which belonged to one Long, by virtue of two writs of attachment, returnable before a justice of the peace, one in favor of Allen Gould, and the other in favor of Seth Cushman, against said Long, returnable the 28th day of the following November, and more than sixty days from the date of the service. The defendant, a constable of Guildhall, by virtue of an execution in full life, against Long, and in favor of Wilson & Richardson, on the fifth day of the same September levied on the same property, and advertised and sold the same on the latter execution. The plaintiff served the two writs of attachment by leaving copies with the town clerk, agreeably to the directions of the statute, which is equivalent to actual possession of the property attached. As the regularity of the proceedings of the defendant and his appointment as constable have not been objected to, the only

question is, whether the plaintiff, by the attachments, and service thereof, has acquired a right to the property attached against the creditors of Long, as the service was made more than sixty days before the time appointed for trial.

The statute,—Rev. St. c. 26, § 12,—declares that a justice writ shall be served not less than six, nor more than sixty days before the time therein appointed for trial. It is the duty of the officer, having such writ to serve, to obey the directions of the statute, as well as the command of the writ. Although a longer period than sixty days may intervene between the date and the return day of the writ, the statute requires of the officer to omit any service more than sixty, or less than six days before the time appointed for trial; and, if he disobeys the command of the statute, he is not justified by his writ, and cannot acquire any rights thereby.

It has been contended in this case, that the statute is only directory to the officer, and that no one can avail himself of its provisions except the debtor, and that, as the debtor did not appear in the two cases and object to the service, but suffered judgment to be rendered by default, his creditors, or the defendant, who had an execution against him, cannot raise this objection. Both of these positions are untenable. The statute is not to be considered as directory, contrary to its express negative terms, as was observed in the case of *Warner* v. *Stockwell et al.,* 9 Vt. 1. Every statute, which commands any thing to be done, or abstained from, is directory, as well as prohibitory; but it cannot be consistent with propriety to say, that any one may therefore disregard its requirements, and acquire any rights by virtue of an act done, or omitted, contrary thereto. Furthermore, where a statute prohibits any thing to be done, the act done in contravention of the prohibition must be adjudged void and inoperative, if the statute cannot otherwise be made effectual to accomplish the object intended by its enactment. It will readily be seen that this statute, as well as the one which declares that the time set in a justice writ for trial shall not be earlier than nine o'clock in the forenoon, nor later than three in the afternoon, would be ineffectual, if the party must be held to bail, and appear at the time set for trial. The object of both is to prevent oppression to the defendant; that he should not remain in

custody on *mesne* process, or have his property detained for a long period, before it can be ascertained whether there was any foundation for the suit; that he should not be brought to a trial, and compelled to make a defence before he had a sufficient time therefor, or at an unseasonable or improper time of day or night. The interest of subsequent attaching creditors requires that the time, during which the property of their debtor is holden by a prior attachment, should not be longer than the period fixed by the statute, as their lien is postponed until the first is removed.

Both of these objects are entirely defeated, if it should be considered that such a service, as was made in this case, should be considered as merely voidable on the motion of the defendant. He might remain in custody, have his property withheld from him for any period of time, while the justice was in commission, be arrested on a writ returnable at an unseasonable hour in the night, and must wait, until the "day or time set for trial," to take advantage of this improper proceeding; and furthermore, his creditor might hold the property from him and his other creditors for the same length of time, if he was not disposed to appear at the return day, but should suffer a default. For these reasons, we come to the conclusion, that, by such an attachment, an officer acquires no right to the property attached, and that any other creditor may justifiably take it out of his possession on a regular writ, or execution, and that even the consent of the debtor will not make such an attachment good to hold the property. It is not before us to decide that a debtor, by appearing and pleading the general issue, might not, *so far as regards him,* be considered as consenting to the priority, and waiving, thereby, any advantage which he might otherwise have; but as regards those who have an interest in avoiding the attachment, such act of the debtor could have no effect.

The case of *Sewell* v. *Harrington,* 11 Vt. 141, does not conflict with the principles here recognized. A judgment in that case was rendered, and an execution, regular on the face of it, was delivered to the officer, who, by virtue thereof, took the property for which that suit was brought. Such an execution not only justified him in proceeding with it, but required him so to do; and it was clearly optional with the debtor whether he would take any measure to

avoid the judgment.    Whether, in a case similar to that where the officer filled up the writ of attachment, he could acquire any title to the property, or create any lien thereon, is not involved in the inquiry before us.    In the case of *Smith* v. *Saxton*, 6 Pick. 483, it appears, that, in Massachusetts, it is considered no such lien is created.    The defendant in that case resisted the attachment by disposing of the property attached.    In the case of *Sewell* v. *Harrington* it was not decided or intimated that the officer, who filled up the writ, acquired any right in consequence of *the attachment*,—but, the judgment having been rendered thereon, and an execution having issued, any officer, who had the execution, was justified in levying the same, whether it was the one who had been instrumental in making out the writ, or any other, until the judgment was set aside.

The judgment of the county court is reversed.  *