JAMES M. MCKENZIE *v.* DANIEL RANSOM, and GALEN PEARSONS , AND WILLIAM H. H. SLAYTON, Trustees.  GAIUS PERKINS, BILLY BROWN, JOHN S. PARKER, JOHN LAKE AND C. D. PERKINS, Claimants.

One who is admitted to enter as claimant, in a suit commenced by trustee process, cannot plead in abatement.

The fact, that a trustee process is served by the same person, who is recognized to the defendant and trustee for the costs, he being specially authorized to serve the writ by the magistrate who signed it, is mere matter of abatement, and can only be objected to by plea.

The omission of the officer, in serving trustee process, to indorse upon the copy of the writ, which he delivers to the trustee, a copy of his return also, is, as to the trustee, mere matter in abatement, which, if not pleaded by him at the first appearance, is waived.

But such omission does not affect the validity of the attachment of the property of the principal debtor in the hands of the trustee.

When property is attached by leaving a copy of the writ in the town clerk's office, the want of a return, or a defective return, upon the copy so left, will render the attachment ineffectual, for the reason, that the return is all that constitutes the attachment, and without the return it is impossible to determine what property was intended to be attached.  But when a suit is commenced by trustee process, the writ itself designates the property to be attached, and the delivery of a copy of the writ to the trustee is notice to him of the sequestration of the property in his hands, and sufficiently makes him party to the proceedings to render the attachment effectual, as against those subsequently acquiring title to the property, although the officer's return may not be indorsed upon the writ.

The case of *Nelson* v. *Denison*, 17 Vt. 73, considered.             •

McKenzie *v.* Ransom & Tr.    Perkins et al., Claimants.

This was an action upon a promissory note, and was commenced by trustee process. The writ was dated October 11, 1848, and was made returnable before a justice of the peace, October 20, 1848. John McKenzie, 2d, recognized to the defendant and the trustees, as sureties for costs, in the form required by statute, and he was also specially authorized to serve the writ, by the justice who signed it ; and it appeared from his return upon the writ, that he served the writ upon the trustees, October 11, 1848, " by delivering to each of them a true and attested copy of the same." At the return day of the writ judgment was rendered against the principal debtor by default, and the trustees appeared and disclosed, that they were indebted to the principal debtor, at the time of the service of the trustee process upon them, and that they received notice, October 12, 1848, that the respective debts due from them had been assigned by the principal debtor to the claimants. The claimants also appeared, and were admitted by the justice as party to the suit, pursuant to the statute ; and they pleaded, that the writ should abate, as to the trustees, for the reason that the officer who served it had recognized for the costs, and also pleaded, that a legal service, by a copy of the writ with the officer's return thereon, was not made upon the trustees previous to their receiving notice of the assignment to the claimants. Judgment was rendered by the justice, that the trustees were chargeable ;—from which judgment the claimants appealed.

In the county court the claimants pleaded, that the trustees should not be held chargeable, for the reason, that the effects and credits in their hands, set forth in their disclosures, became the property of the claimants by a legal assignment from the principal debtor, for valuable consideration,—that notice of such assignment was given to the trustees by the claimants October 12, 1848,—and that the said effects and credits were never legally attached in the hands of the said trustees, for the reason, that the trustee process was served upon them by John McKenzie, 2d, who was interested in the suit by being recognized for the costs. The claimants also pleaded, setting forth their title by assignment and notice as in the first plea, and averring, that the effects and credits in question were never legally attached in the hands of the trustees, for the reason, that it did not appear by the officer's return upon the writ that there was,

and there was not in fact, any legal service of the writ upon the trustees, by an attested copy of the writ with the officer's return thereon, as required by statute; and that no other service was made, than appeared from the return.   To these pleas the plaintiff demurred.

The county court, November Term, 1849,—KELLOGG, J., presiding,—adjudged the claimants' pleas insufficient, and rendered judgment for the plaintiff.   Exceptions by claimants.

*Washburn & Marsh* for plaintiff.

The subject matter of both pleas is, as to the principal debtor and trustees, mere matter of abatement.   The claimant is only a party to the suit, so far as it respects his *title* to the goods, &c., and he may only allege and prove *material* facts.   Rev. St. 191, § 17.   His position in reference to the suit, in this respect, is analogous to that of a subsequent attaching creditor.   Acts of 1845, p. 17.   He cannot, then, plead in abatement.

But the claimants seek, by plea in *bar*, to take advantage of the fact, that the authorized officer was recognized for costs.   The statute—Rev. St. 171, § 22—empowers the justice to "*authorize any suitable person;*" and this is not controlled by Rev. St. 180, § 7. See *June* v. *Conant*, 17 Vt. 656.   In exercising this duty the magistrate acts *judicially,* and his decision cannot be re-examined.   *Kellogg ex parte,* 6 Vt. 510.   *Kelly* v. *Paris,* 10 Vt. 261.   *Ingraham* v. *Leland,* 19 Vt. 307.   *Dolbear* v. *Hancock,* 19 Vt. 391.

The claimants cannot take advantage of the *defect* in the service, in not indorsing the officer's return upon the copies left with the trustees.   They stand as subsequent attaching creditors, and the service made created a lien against them, upon the authority of *Newton* v. *Adams,* 4 Vt. 437.   When real estate is attached, notice must be given to the public, and to the defendant.   The notice to the public is given by leaving a copy in the town clerk's office, with a return upon it describing the estate attached.   If there is no return upon the copy so left, there is no notice of the attachment;—this was the defect in *Cox* v. *Johns,* 12 Vt. 65.   When personal property is attached, the notice to the public is given by taking the *custody* of the property.   But in serving a trustee process, no notice to the public is required.   Hence there is no analogy between this

and the attachment of either *real* or *personal* estate. It is analogous only to the notice, which is required to be given to the defendant, in each of those cases. If the proper process is sued out, and *notice in fact* is given, any *defect* in the service will render it *voidable* merely, but not void. This, as a general rule, applies to all cases, where notice to an individual merely is required; a defect in the *form* of the notice, if *notice in fact* be given, is mere matter of abatement; but if a *possessory title* is sought to be established to property, with notice to the public, all the requisitions of the statute must be complied with.

Thus in *Nelson* v. *Denison*, 17 Vt. 73, *Kelly* v. *Paris*, 10 Vt. 261, and *Ross* v. *Fuller*, 12 Vt. 265, a possessory title to personal property was sought to be established in one who had not even the *form* of authority conferred upon him. While in *Holmes* v. *Essex*, 6 Vt. 47, where a defect in the notice to the party was set up, it was held, that the correction *must* be by plea in abatement; and so in *Evarts* v. *Georgia*, 18 Vt. 15,—which is saying, that the service was not void, but *voidable;* and the defect set up in those cases was *interest* in the officer, as in this case. And see *Spalding et al.* v. *Swift*, 18 Vt. 218, and *Gilman* v. *Thompson*, 11 Vt. 643. And in *Newton* v. *Adams*, 4 Vt. 437, and *Judd* v. *Langdon*, 5 Vt. 231, it was expressly held, that a subsequent attaching creditor, or purchaser, could not take advantage of such defect. And the decision in *Sewell* v. *Harrington*, 11 Vt. 141, is to the effect, that such an objection, going to notice, renders the service voidable merely.

*E. Hutchinson* for claimants.

The claimants' title is admitted to be good, unless defeated by the plaintiff's attachment; and we insist, that that attachment was bad, for the reasons set forth in the pleas demurred to, and that consequently the plaintiff has acquired no title to nor lien upon the effects in the hands of the trustees, as against the claimants.

The statute is, that a person, authorized by a justice to serve a writ, " shall have all the power of a sheriff, in the service and return of such precept," &c. Rev. St. 171, § 23. A sheriff cannot serve a writ, in which he is either a party, or interested. *Evarts* v. *Georgia*, 18 Vt. 15. *Holmes* v. *Essex*, 6 Vt. 47. An attachment made by an officer, not authorized by law to make the service, is,

*as to the property attached,* a mere nullity ; and neither the creditor, nor the officer, acquires any right to or lien upon the property. *Nelson* v. *Denison*, 17 Vt. 73. *Ross* v. *Fuller*, 12 Vt. 265. *Kelly* v. *Paris*, 10 Vt. 261. A trustee writ is a mere writ of attachment of the effects of the debtor in the hands of the trustee. Rev. St, 190, § 3.

The statute prescribes a particular mode of service in the attachment, upon *mesne* process, of land, hay and grain in the straw, and effects in the hands of trustees, which is, in all those cases alike, by an attested copy of the writ *and the officer's return thereon.* Rev. St. 190, § 7 ; Ib. 180, §§ 12, 13. If the writ be not so served, the plaintiff acquires no lien by his attachment, as against a subsequent *bona fide* purchaser. *Cox* v. *Johns*, 12 Vt. 65. In *Barney* v. *Douglass & Tr.,* 19 Vt. 100, the court examined the record carefully, to see that the plaintiff's writ was so served. A writ of summons cannot be served by reading, without copy. *Chase* v. *Davis*, 7 Vt. 476. Leaving the copy is the *act* of attaching. *Putnam* v. *Clark*, 17 Vt. 87.

These objections to the service are not, *as between these parties,* mere matters of abatement, which either have been, or could be, waived by the principal debtor, or the trustees. The statute permits the claimants to be made "parties to the suit," and to "maintain their rights," and, "so far as it respects their title to the goods, effects, or credits, in question, to allege and prove any material facts." The legality, or illegality, of the plaintiff's attachment, in the present case, would seem to be a material fact. It goes to the merits of the whole controversy between *these parties.* The principal debtor, or trustees, may, so far as they are concerned, waive any objections to the service; but the statute confers upon neither of them any power to waive rights for the claimants. *Nelson* v. *Denison*, 17 Vt. 73. *Aikens* v. *Richardson*, 15 Vt. 500. *Kelly* v. *Paris*, 10 Vt. 261. In *Ross* v. *Fuller*, 12 Vt. 265, it was decided, that a service by an officer, who had not authority to serve the precept, though good (if not objected to) for the purpose of the judgment in that suit, was good for nothing *as an attachment of property,* even as against the defendant, and after judgment by default.

The opinion of the court was delivered by

REDFIELD, J.   The fact, that the person, who was deputed to serve the writ in this case, was also recognized for costs to the defendant, would, I apprehend, be esteemed sufficient reason, why he should not have been appointed to serve the writ, and probably might have been made the basis of a plea in abatement, by the principal defendant in the suit,—possibly by the trustee; but it was very clearly mere matter of abatement, and, being matter *dehors* the record, could only be objected to by plea.   This right is also *claimed* by the claimant.   But we do not think it was the purpose of the legislature, to give to the claimant, who is called into the suit in this collateral manner, the opportunity of bringing forward mere dilatory pleas.   We think such a right in no sense essential to the determination of the real interests involved in such a controversy; and it would certainly be attended, in many cases, with manifest vexations and needless delays.   And it seems to us, that the language of the statute, in express terms, excludes the right to bring forward any such plea by the claimant.   The words are, "may be admitted a party to the suit, *so far as respects his title to the goods,*" &c.   This seems to us sufficiently explicit.   And we think, the questions raised by the claimant must be confined within these limits.

But another view of the case has been urged by the counsel, for the claimant, with great fairness and ability, and has presented some analogies to cases already determined by this court, not entirely free from *difficulty*.   It is said, the copy left in this case with the trustees not containing the officer's return, as is required by statute in the service of such process, the service was so defective, as to constitute no attachment.   And that, as it is not competent for the trustee to waive the rights of other claimants interested in the effects, the title of the claimants is, in truth and right, prior to that of the attaching creditors.   This depends upon the question, whether the service constituted any attachment of the effects in the hands of the trustee.

This omission, in the service of the writ, of the copy of the officer's return, is manifestly, so far as the trustee is concerned, mere matter in abatement, and, if not pleaded at the first appearance, is waived.   So, too, if the trustee suffer default, it is waived, and the

judgment fixes the trustee, and the title of the goods is, certainly as to all having notice of the suit, fixed also.

But it is said, that still the attachment is so defective, as not to prevent a subsequently acquired title by contract, and, by parity of reasoning, I suppose, by attachment.   This is argued from analogy to those cases of attachment of real estate, and hay and grain and other articles of personal property, where the attachment is made solely by copy.  And if the copy is defective, as in the present case, the attachment has been held ineffectual.  But we think, there is an important distinction in the two classes of cases.  In the one the return of the officer is all that constitutes the attachment.  Without that, it would be impossible to determine, what property was intended to be attached.  It is the return of the officer, which effects the sequestration of the property.  But in the other case the writ itself effects, in one sense, the sequestration, and the copy is left for notice to the trustee.  The writ designates what property, viz., all that is in the hands of certain persons, naming them, as trustees, is to be attached ; and when the trustee is notified of this sequestration by the writ, the attachment becomes perfect.  Of this he is fully notified, by having a copy of the writ; this makes him a party to the proceeding; this informs him of the time and place of hearing; and the copy of the officer's return is a matter wholly personal to himself,—a matter not important for purposes of notice, even, and which is only required for the purpose of authentication, which is sufficiently done by the officer delivering the copy in person, (as was done in the present case,) and which is probably required by the statute, chiefly on account of those cases, where the copy is left at the abode of a defendant, in his absence.  But being a statute requisite, the trustee may insist upon it, at the proper time and in the proper form.  But we think he is so far made a party to the proceeding, by having a copy of the process delivered to him, by any officer, general, or special, that he is not at liberty to treat it as no attachment.  And if he cannot, certainly others should not.  Whenever such proceedings are taken, as to make him a party to them, the attachment, for the time being, is effected.  If it be informal, or defective, in particulars affecting the trustee only, he alone can insist upon such informality.

But in the case of attachment of real estate, and the like, if the

copy left at the clerk's office be sufficient *to designate the estate attached,* it has never, that I can find, been regarded essential to the legality of the attachment, that even that copy should contain every statute requisite.   No doubt, if the entire return were omitted, the attachment would be incomplete, and inoperative, as not designating the estate attached; and this it is, which constitutes the attachment. Such a proceeding would be, in effect, no attachment.   *Cox* v. *Johns,* 12 Vt. 65.   But where the return is only defective *in form,* the attachment has been held valid.   *Huntington* v. *Cobleigh,* 5 Vt. 49, and *Herring* v. *Harmon,* cited by WILLIAMS, J., in the opinion in the last case.

So, too, it has always been held, that, in the attachment of personal property *in possession,* if the officer took the custody of the property, by virtue of a valid process, the attachment was valid, for the time, notwithstanding the process, or the service, might be so informal, as to be liable to be abated, on a proper plea by the debtor, or defendant.   *Newton* v. *Adams,* 4 Vt. 437.   So, too, the attachment of personal property *in possession* dates from the time the officer takes possession, and he may deliver the copy at any time, sufficient for notice to the defendant, or the defendant may wholly waive the copy.   *Pearson* v. *French,* 9 Vt. 349.   See, also, *Judd et al.* v. *Langdon,* where the defect of service was precisely the same, as in the present case.

We entertain no doubt, that the trustee, in this species of attachment, may waive the officer's return, or the copy, or, after being notified of the process, may do what is called " accepting service." In short, whatever is sufficient to create and to continue the trustee a party to the proceeding, is sufficient for the purposes of the attachment.

The argument, by which it has been attempted to liken this to the case of *Nelson* v. *Denison,* 17 Vt. 77, and to that of *Kelly* v. *Paris,* 10 Vt. 26, perhaps in both of which cases the attachments were held void for defects, which, if not pleaded in abatement, in cases of *mesne* process, might probably be considered as waived, does not, we think, apply to a case like the present.   In those cases it was considered by the court, that there was an absolute want of authority, in the officer making the attachment.   So that he was in fact a trespasser, a mere intermeddler, as much so, as if he had

acted wholly without process. I have always thought myself, that the case of *Nelson* v. *Denison* was decided upon too narrow grounds, and that the defect in the process, being only *as to the time of service*, might with more propriety have been treated as something personal to the defendant, and which, if not pleaded in abatement, was waived, and which could only be taken advantage of by the defendant. But the court regarded the writ, as conferring no authority upon the officer more than sixty days before the return day, as the statute requires, that justice writs shall not be served more than sixty days before the return day. And by parity of reasoning, a justice writ, if served less than six days before the return day, would confer no authority, the officer would be a trespasser, and the party, perhaps, might treat the proceeding as a nullity,—although this would not necessarily follow. I think there is a case in Wheaton, or Dallas, where it is held, that in service of a writ of summons, the notice being too short is no ground of plea in abatement, even, but is waived by appearance; but that case has not been followed. Such defects have been regarded good causes of abatement, when pleaded at the first appearance. But the case of *Nelson* v. *Denison* is, I think, the first case, which has gone the length of wholly avoiding the attachment and treating the officer as a mere trespasser, in consequence of any defect of this character. An inferior tribunal could hardly have made such a decision, with a good grace. But the ground upon which the case is put by the court, a want of authority in the officer, shows that it has no just analogy to the present. I do not object to the case of *Nelson* v. *Denison*, as not being good law to the extent it goes; but the case stands alone, and unsupported by authority, or analogy, and is certainly in no sense like the present, and the principle of that case should not be extended. Judgment affirmed.