ELIJAH PAINE, ESQ.,

*vs.*

JOEL ELY and JOEL ELY, Jr.

Dec. adjourned
term, 1789.

Paine
vs.
Ely, etc.

This was an action on a bond assigned by the sheriff
of Windsor County to the plaintiff, conditioned, that
Joel Ely, then a prisoner in the common goal in said
Windsor, on execution at the plaintiff's suit, should not
depart the liberties of said prison, etc. (in common
form). Breach assigned, that the said Joel did de-
part, contrary to the condition; wherefore, etc.

Bonds given
to the Sheriff of
W. to indemni-
fy him for let-
ting a prisoner
to the liberties
of the prison.

Breach, that
prisoner de-
parted, etc.

*Buck*, for the defendants, plead a very lengthy plea
in bar, the substance of which was, that after the ex-
ecution of said bond, viz., on the 29th day of June,
1789, the said Joel Ely made application to Elias
Weld, one of the judges of the County Court, for said
county, who thereupon issued his citation for the said
Paine to appear at        on       , bofore Elijah Rob-
inson, one of the Judges for the County Court for said
County, and John Weld, Esq., Justice of the Peace,
to show cause why the said Joel should not be admitted
to the insolvent debtor's oath; which citation was regu-
larly served, etc. That on        at        the said E.
R. and J. W. proceeded to examine the said Joel, and
did administer the oath, and gave a certificate thereof
agreeably to the Statute in such case made and pro-
vided : That the said Joel thereafter remained within
the said prison and the liberties thereof, for the space
of twelve hours. That no provision being made for his
support, as directed by the Statute, he departed. That
until that time he had kept within the liberties of the

Plea.—That
the prisoner,
one of the now
defendants, J.
E., was dis-
charged under
the act for regu-
lating goals and
goalers.

Pa'ne
vs
Ely, etc.

said prison, according to the condition of the said bond.

Demurrer.

To this there was a demurrer and joinder in demurrer.

Counsel for
plaintiff.

*By* HUTCHINSON *and* JACOB, *for the plaintiff*, it was argued that the statute in this case has erected a sum·mary jurisdiction, that the justices derive their authority solely from this statute, that they must pursue their authority precisely as pointed out by the statute, otherwise the whole is *coram non judice*. The ·statute requires that on application of a debtor confined, etc., to two Justices of the Peace, one of whom shall be Judge, etc., they, or either of them, shall issue a citation to the creditor or creditors at whose suit, etc., notifying them to appear before such Justices, at a time and place therein mentioned, to show cause, etc. That the citation in this case was not issued by the Justices who administered the oath, or either of them—therefore they had no jurisdiction. One set of Justices are not empowered by the statute to convene the creditors before another set of Justices.

*Buck for the defendants.*

Counsel for
defendants.

The statute, as it provides for the relief of poor debtors, is remedial, and ought to be construed liberally. E. W. had a right to issue a citation ; E. R. and J. W. are such Justices as have a right to hear, examine, and administer the oath. There cannot, therefore, be a want of jurisdiction, as argued by the plaintiff's counsel.

It is likewise a case against bail, who ought to be favored. It would be hard that either bail or principal should be accountable for the doings of the Justices. Their proceedings, if irregular, ought to be reversed, but, until reversed, ought to be deemed valid—otherwise sheriffs and goalers, who are no judges in this

matter. may also be exposed. It was also insisted " that such Justices," in the statute does not mean the same Justices who issued the citation, but similar Justices. Had it intended the same Justices, the word " aforesaid" had been used.

Paine<br>vs.<br>Ely, etc.

*The plaintiff's counsel in reply.*

This is not a remedial statute. If it gives a privilege to the debtor, at the same time it takes away the common law right of the creditor. It is a rule that all summary jurisdictions must confine themselves strictly to their powers. Neither writ of error nor certiorari will lie. If advantages cannot be taken of the irregularity in this way, the creditor has no redress, be the proceedings ever so illegal and unjust. They therefore prayed judgment for the plaintiff.

Counsel for<br>plaintiff in<br>reply.

The *Chief Justice* delivered the unanimous opinion of the Court.

Opinion of the<br>Court.

The statute in question gives a privilege to the debtor, in derogation of the common law right of the creditor—the right of holding the debtor in custody until he obtain legal satisfaction. This priviledge is given to the debtor, not for his own sake, but for the sake of the public, who are interested in his labor, and in favor of humanity. The debtor does not demand a remedy against the creditor for an injury he has sustained. The statute is not, therefore, in a law sense, remedial ; but the case does not turn on this point. The question is whether there has been any fatal irregularity in the proceedings of the Justices, and whether the plaintiff is proper here to take advantage of the irregularity, if any.

The statute is in<br>derogation of<br>the common<br>law right.

It is not in a<br>law sense rem-<br>edial.

The jurisdiction of the Justices, in the case under consideration, is in derogation of the jurisdiction of the common law courts, the proceedings are summary, not

The jurisdic-<br>tion given to<br>the Justices in<br>this case is<br>to be taken<br>strictly.

Paine
vs.
Ely, etc.

Black. Com.
vol. 3, p. 35.

warranted by the course of common law proceedings but warranted solely by the statute. Blackstone observes, after Sir Edward Coke, that " Particular juris- " dictions, derogating from the general jurisdiction of " the Courts of common law are ever taken strictly, " and cannot be extended farther than the express " letter of their privileges will warrant." This observation is applicable to the mode of proceeding in the case under consideration, as well as to the jurisdiction

The mode pointed out by the statute must be strictly pursued.

of the Justices. The mode is pointed out and regulated, not by the common law, but solely by the statute, and must be strictly pursued. A different mode cannot be adopted, under pretence of its being more convenient for the debtor, or for the Justices. This would be to assume an arbitrary power not warranted by law. In this case there has been clearly a deviation from the mode prescribed. The words of the statute, so far as

Words of the Statute.

relates to the present question, are, " on application to " two Justices of the Peace, one of whom shall be a " Judge, etc., they, or either of them, shall issue a " citation to the creditor or creditors, at whose suit the " prisoner is confined, notifying him or them to appear " before such Justices, etc." The word " such" is here a relative, referring to the Justices, to whom application has been made, and who have issued the citation, and has precisely the meaning of this expression,

"Such Justi- ces," means the same Justices.

" the same Justices, to whom application shall have " been made, as aforesaid." In the same sense the word occurs not less than ten times in this paragraph.

Absurdity of the other construction.

To give it the construction contended for by the defendants counsel, would run the statute into absurdity and nonsense, thus : " On application to two Justices, " etc., they, or either of them, shall issue a citation to " the creditor or creditors, etc., to appear before some " suchlike Justices, etc., which citation shall be served

" on some suchlike creditor or creditors, at least twenty
" days before the time of appearance in some suchlike
" citation, etc." It is clear from the statute that E.
W. had no power to issue a citation to the creditor to
appear before any Justices, of whom he was not to be
one. This jurisdiction is not incident to the office of
Justice, but is given by the statute to those to whom
application is made. It might have been given to any
other class of men, as, for instance, to any two Free-
holders to whom application shall be made. Had that
been the case, no one would have thought that one
Freeholder might have cited the creditor to appear be-
fore other Freeholders.

The consequence is, that the proceedings of E. R.
and J. W. are wholly irregular.

The only remaining point is, whether the plaintiff is
proper to take advantage of such irregularity here, be-
fore reversal.

" There is great difference between erroneous pro-
" cess, and irregular (that is, void) process; the first
" stands valid and good, until it be reversed. The
" latter is an absolute nullity from the beginning; the
' party may justify under the first, until it be reversed;
' but he cannot justify under the last, because it was
" his own fault that it was irregular and void at first."

The citation was irregular; the whole proceedings
are, therefore, void from the beginning, and do not
stand in the plaintiff's way. Besides there is no mode
of reversal in this case.

The bondsman is entitled to no particular favor; he
has engaged against the default of the principal; to
admit any excuse for him, which would not equally
avail the principal, would be to deprive the sheriff or
the creditor of their indemnity.

As to the principal, every man who procures a pro-

*Margin notes:*

Paine vs Ely, etc.

This jurisdiction is not incident to the office of justice.

Proceedings are irregular.

3. Wilf, 345. Parsons vs. Lloyd. 2. Black. Rep 345, S. C.

The proceedings are void.

The surety is entitled to no more favor than the principal.

See the above case of Parsons v. Lloyd, in fine

Paine
vs.
Ely, etc. cess (or, indeed, any proceeding at law) in his favor, must see that it be regular, at his peril.

There must therefore be

JUDGMENT *for the Plaintiff.*