ORLEANS,
March,
1832.

JOHN SKINNER, JOHN HURD and WILLIAM HURD *vs.* JOHN McDANIEL.

A plaintiff in ejectment must show the defendant in actual possession of the premises demanded at the time the suit was commenced, or he cannot recover.

Certain defendants in an action of ejectment residing in another state at the time the suit was commenced, no service was made on them by attachment or otherwise, and they not having had notice of its pendency, the court ordered notice to be given by publication in a news-paper, agreeably to the requisitions of the statute respecting persons absent from the state, at the time a suit is commenced against them, and have no notice of it ;—the defendants not appearing in pursuance of said notice, judgement was rendered against them by default. On a writ of review afterwards brought by these defendants, it was held that the judgement was void for want of jurisdiction of the court, and that they had no occasion to bring a writ of review in order to avoid the judgement.

If neither person nor property of one, against whom a suit is brought, can be found in this state whereon to serve process, the court has no jurisdiction over him.

This was a writ of *review,* brought in pursuance of the statute, *ch.* 7, *s.* 55, to review an action of ejectment which had been brought by *McDaniel* against *Skinner,* and *John* and *William Hurd,* and others. The officer who served the writ returned that he had served it on three of the defendants, who resided in the county of Orleans, but made no mention of *Skinner* and the two *Hurds,* who resided in Massachusetts, nor of *Hadley,* another defendant, who resided in the state of New-York. But the action was entered in court against all the defendants. The following record shows the proceedings in the county court :

" John McDaniel     } Orleans County Court,
      *vs.*          } February term, 1825.
" Jeffrey Watson et al. }

" Luther Kidder, Jeffry Watson and Hezekiah Davis, of Hyde-park, in the county of Orleans, Jacob P. Hadley, of Constable, in the state of New-York, and *John Skinner, John Hurd* and *William Hurd,* of Charleston in the state of Massachusetts, were attached to answer unto *John McDaniel,* of said Hydepark, in a plea that to the plaintiff, the defendants render the seizin and peaceable possession of a certain tract or parcel of land with the appurtenances thereto belonging, lying and being in said town of Hydepark and described as follows, to wit : seventy-seven acres and fifty two rods of the east side of number thirteen, on the first division, drawn to the right of Roger Enos, jr. and having a dwelling house and two barns thereon, divided by a line running through said lot parallel with the west line thereof; also twenty acres and thirty-eight rods being the west side, and south half of lot number sixteen, in the first division in said town, known by the name of the Lamphier farm ; also one quarter of an acre of land on the main road leading from Wolcott through said Hydepark to Johnson, and being near the mansion of the said *John McDaniel*

in said town of Hydepark, with a dwelling house thereon. See
writ on file. This cause was entered February term, 1824, and
continued, *Hadley, Skinner* and *Hurds*, being out of the state.
September term, 1824, it was continued under the usual order of
notice by publication in a newspaper; and now at the present
term, order of notice having been complied with, the defendants,
though three times called in open court, do not appear, but here-
of make default. Whereupon, the court on the showing of the
plaintiff, considered and adjudged that the plaintff recover of the
defendants the quiet and peaceable possession of the premises de-
manded, one cent damages and his costs, allowed at thirty dollars
and thirty six cents, and that writ for possession and execution
may issue. Writ issued 8th March, 1825 ; returned 3d May,
1825.                        . Attest, *Ira H. Allen, Clerk.*"

. On the trial of the action of ejectment in pursuance of said
*writ of review*, the issue being joined to the country, the said
John *McDaniel* gave in evidence a mortgage deed of the land
in question from Jacob P. Hadley, dated 10th January, 1821, to
*McDaniel*, and a decree of foreclosure of the equity of redemption
on said mortgage, March term, 1827. The said *Skinner* and
*Hurds* gave in evidence to the jury the levy of a certain execu-
tion in their favor against the said Jacob P. Hadley, on the land in
question, on the 2d August, 1820, and records made of said exe-
cution, and officer's return thereon, on the 3d day of August, 1820,
in the proper offices for recording the same ; but there was no
evidence that *Skinner* and *Hurds* took actual possession of said
land under their execution and levy.

The court instructed the jury, that *Skinner* and the *Hurds*
were not liable to *McDaniel* in the present action without some
further proof of their being in possession of the premises, either
by themselves, or some tenant, than what is above recited. The
jury found a verdict for *McDaniel* against the other defendants ;
but against *McDaniel* in favor of *Skinner* and *Hurds*, on the
ground that they were not in possession of the premises, when
the action was commenced. To which charge of the court
. *McDaniel* excepted, and the exception was allowed. The cause
now came before this Court on a motion for a new trial, founded
on an alledged misdirection of the court to the jury.

The opinion of the Court was delivered by

BAYLIES, J.—There is no doubt the court below instructed
the jury correctly. It has long been established, that the plaintiff,
in ejectment must show the defendants in possession of the land

ORLEANS,
March,
1832.

Skinner et al.
vs.
Little.

demanded, at the commencement of his action : showing that the defendants have some sort of claim to the land is not sufficient. But when we examine the record of proceedings in the action of ejectment, and the judgement rendered on default, we cannot discover the necessity of a *writ of review* being brought by *Skinner* and the two *Hurds* to reverse that judgement. It appears by the writ of ejectment, that *Skinner* and the two *Hurds* resided in Charleston, in Massachusetts, and were citizens of that state ; and they had no property here, and no service of the writ was made upon them. But their names were entered upon the docket of the court, as defendants in the action. It is a question, whether the court, having no jurisdiction of the action, as it respected *Skinner* and *Hurds*, for want of service of the writ upon them, could acquire jurisdiction by making an order of notice to them to be published in the news-paper, as was done in this case ? The statute, (*ch.* 7, *s.* 55,) says, "That if the party against whom any " suit shall be brought, were absent from the state, at the time " of commencing such suit, and shall not return within the same " before the time of trial, the court, in which such suit is brought, " shall continue the action to the next term of said court, (unless " the plaintiff shall make it appear to the satisfaction of the court, " that the defendant had notice of *the service* of such process, a " sufficient time before the return thereof to have appeared at said " court, and have had a trial.) And it is hereby made the duty " of the plaintiff to cause personal notice of such suit, and contin- " uance, to be given to the defendant, twenty days previous to " the next term of said court. And unless it shall appear to the " court, that the defendant has been notified, the court shall fur- " ther continue said action, and order further notice to be given, " by directing a publication thereof to be made in some public " news-paper, at their discretion."

The writ must be served on the absent defendant in some one of the ways pointed out by statute. If the writ be not served, the court can have no jurisdiction of the action—not even to continue it, for the plaintiff to give the defendant notice. But if the writ be served, the court may continue the action from term to term, and order notice to be published in a news-paper. So a citizen of another state, whose property is attached in this state, may be notified of the pendency of the action agreeably to the above act. But if neither the person, nor property of a citizen of another state, can be found in this state, whereon to serve process, the courts of this state can have no jurisdiction over him. Neither

ORLEANS,
March,
1832.

Skinner et al.
vs.
McDaniel.

the persons, nor property of *Skinner*, and the two *Hurds*, were found, whereon to serve the writ of ejectment, and no service was made on them. The court then could have no jurisdiction of the action, as it respected them ; nor could the court acquire jurisdiction by ordering notice to be published in a news-paper ; because the writ not being served, was not a case for notice within the above statute. If after such notice, the court proceeded and rendered judgement against *Skinner* and the two *Hurds*, on their default, such judgement must be utterly void for want of jurisdiction. It could not be necessary for *Skinner* and *Hurds* to bring a writ of review to avoid this void judgement ; but as they have brought such writ, and succeeded in it, the

Judgement of the county court
is affirmed with additional costs.

*Sawyer & Fletcher*, for reviewee.

*Paddock & Young*, for reviewers.