DAVID KELLY 2d *v.* HARVEY PARIS & ISAAC T. PARIS.

RUTLAND,
*January,*
1838.

The appointment of an indifferent person to execute process is a judicial act, and cannot be delegated.

Such an appointment upon a blank writ is void, and those acting under it are trespassers.

Defects in the process or the return of the officer, if merely formal, must be objected to by plea in abatement, or they will be cured. But any want of authority in the person serving a writ of attachment may be taken advantage of, at any time, especially by those not party to the process, if interested in the attachment.

TRESPASS, for taking two oxen and other articles of personal property. Plea—Not guilty, and issue to the country.

The plaintiff claimed the property in question, by virtue of an attachment made by him, as constable of Danby, on a writ in favor of Isaac McDaniels, against one Jared L. Hulet. The property attached had been left by the plaintiff in the possession of the debtor, and the defendant, Isaac T. Paris, took it by virtue of a writ of attachment, in favor of said Harvey Paris, against said Hulet. The plaintiff retook the property from the defendants, and the defendants afterwards took it again from the plaintiff.

Upon the trial in the county court, it appeared that the writ in favor of said Harvey was signed in blank, except the recognizance, by John Vail, a justice of the peace in and for the county of Rutland, and that on the back of said blank writ the following words were written ; " at the request " and risk of the plaintiff, I authorize Isaac T. Paris to serve " and return this writ—John Vail, Justice peace ;" that said authorization was written by said Harvey, and signed by said justice before the writ was filled up ; that said writ was afterwards filled up by said Harvey, who was a brother of said Isaac T., while said justice was absent from the county, and a judgment was recovered in favor of said Isaac T., against said Hulet, on said writ.

Upon this evidence, the jury, under the direction of the court, returned a verdict for the plaintiff, and the defendants excepted.

*G. W. Harmon,* for defendants.

1. It is admitted that a justice acts judicially, in deputing a person to serve process ; and if he delegate the whole, or a part of his judicial discretion to another, it is cause of abatement. 6 Vt. R. 509.

In the case at bar, the justice made but a partial delega-tion. He judged himself of the fitness and capacity of the *person* deputed to serve process, and gave to another the power to designate the *parties* to that process. There-fore, we contend,

2. That the writ was merely abateable, on motion of the defendant, in that suit.

*J. C. Dexter*, for plaintiff.

The statute of 4th March, 1797, § 11, empowers a jus-tice of the peace to deputize a person to serve a writ, if it shall be made to appear to him, that a writ by him granted may fail of service, for the want of a proper officer seasona-bly to be had, &c.

The act of deputing a person, under this statute, is a ju-dicial act, and can be performed by no one except by the justice who grants the writ. The justice must exercise a discretion and judgment.

1st. Whether it is made to appear that the writ of attach-ment will fail of service, and

2d. The justice must appoint or deputize some suitable person.

The jurisdiction of a justice is prescribed by statute, and if a justice steps beyond the bounds of his limited jurisdic-tion, his acts are void, and he and all those who act under him are trespassers. *Brown* v. *Compton*, 8 T. R. 425. 10 Coke, 76. *Parsons* v. *Lloyd*, 2 Black. R. 845. 2 Sel. N. P. 546. 1 Ch. Pl. 127, 168. 1 Swift's Dig. 606. *Wal-bridge* v. *Hall*, 3 Vt. R. 144. Starkie's Ev. 800, and note. 14 Com. L. R. 97. Ib. 21, 64.

We insist that the justice had no power to authorize any one to serve the writ, until the writ had been granted by him, and it had been made to appear that it might fail of being served seasonably by a proper officer. The filling up of the blank must be taken to be the granting of the writ. If we are correct in this, it is manifest that the authorization was made before the writ was granted, and, therefore, void.

The opinion of the Court was delivered by

REDFIELD, J.—In this case, it is admitted that the plain-tiff's right to recover depends upon the validity of Isaac T. Paris' authority to serve the writ in favor of the other defen-dant, against Hulet. If that authority was sufficient, defen-

dants made the first legal attachment, and have the prior right, and unless the authority be so considered, they acquired no right, and the plaintiff's attachment against the will of defendants is still good, and the defendants are liable in this action.

It is not pretended that the sufficiency of the authority has been determined by any adjudication upon a plea in abatement, but it is said the defect, if any, is only pleadable in abatement, and, unless taken advantage of in that manner, is waived. If it were a defect of a formal character in the *process*, or in the *return* of the officer, it would be so considered. But the defect here complained of is in the *authority* of the person attempting to execute the process.

The debtor, Hulet, even by omitting to plead in abatement, does not, it is conceived, so much concede the *legality of the attachment*, as he does *waive* all exceptions to the *service*, for the purposes of trial and judgment.

The question then recurs upon the sufficiency of the authority in this case. It has been repeatedly decided, that the magistrate, signing a writ, acts judicially in appointing an indifferent person to make service of the same. *Beebe* v. *Steele*, 2 Vt. R. 314. *Ex parte Kellogg, ubi supra.* Of course this authority cannot be delegated, and the determination of the magistrate is conclusive upon the matter. He must determine not only the fitness of the *person*, but the *occasion*, and the fitness of the person, with reference to the *particular case*. It might be very suitable to appoint a special officer at one time, and not so at another. A person who was *suitable* to serve one process, might be very *unsuitable* to serve another. A magistrate might as well leave the deputation blank as the writ. A person authorized to have the custody, and if one may be allowed so incongruous an association of ideas, to execute a blank writ, is not thereby authorized to execute the writ when filled. If so, it is the *amanuensis* and not the *magistrate* who confers the authority, and actually makes the appointment. The authority was clearly void, and the defendants, who attempted to act under it, trespassers.

The argument that the writ was sufficient on its face, and, by consequence, a sufficient protection to the officer, does not reach this case. The defect here is not in the process

Rutland,
*January,*
1838.

Kelly
*v.*
Paris *et al.*

or in the power or jurisdiction of the court, but in the *authority* of the officer. Whether this authority is conferred by the legislature, by vote of the town, by general or special appointment, is not material. The officer must see to it that his authority is sufficient, and that his appointment is by the appropriate power, and in a legal mode. That he was imposed upon by false representations, either in writing, or orally, and thereby induced to act in a capacity for which he had no authority, is no excuse to him, nor will it legalize an informal procedure.

Judgment is therefore affirmed.