HAMMOND & DRAPER *v.* WILDER & LOCKE.

*Writs of attachment. Judgments. Abatement. Liability of officer.*

If a writ of attachment, returnable before a justice, in a different county from that in which it is served, be served by attaching property less than twelve days before the return day, and no appearance is made by defendant, and judgment is given by default, the judgment is valid.

And if the defendant does appear, it cannot be pleaded in bar of the action; and if not pleaded strictly in abatement, it will be regarded as waived.

There is no case, in which the judgment of a court of record, of general jurisdiction, has been held *void*, unless for a defect of jurisdiction.

And where a writ of attachment, returnable before a justice in a different county from that in which it is served, is served by attaching property less than twelve days before the return day, the officer will not be regarded as a trespasser in the original taking.

But in cases where the statute provides, that a service on a particular day, as Sunday, " shall be *null* and *void* in every respect," courts might apply a different rule, not to the extent of making the judgment *void*, but as to the liability of the officer.

TRESPASS *de bonis asportatis*, in two counts. The defendants pleaded, 1st, the general issue—2d, the general issue as to a part of the first count, and a justification by virtue of an attachment and judgment as to the residue of the said count—3d, the general issue as to a part of the second count, and a justification by virtue of two writs of attachment, and judgments and executions, as to the residue.

The plaintiffs, as to the justification of defendants set forth in their second plea, and also as to the justification of the defendants set forth in their third plea, replied, that neither of the said writs of attachment was ever duly served on the said Hammond & Draper, or either of them, as the said Wilder & Locke have in their said pleas alleged; but that the said writs of attachment were, and each of them was served in the county of Windsor, and were each of them returnable in the county of Windham, and that the said service in each of said cases was made less than twelve days, to wit, only six days before the time therein appointed for trial, which was the only service that was ever made of said writs, or either of them ; and that said Hammond & Draper were not bound by the law of the land to appear or answer to the same, and did not appear or answer thereto.

At the May Term, 1852, of the County Court, the defendants having demurred to plaintiffs' replication, the court,—COLLAMER, J., presiding,—overruled the demurrer, and rendered judgment for the plaintiffs; to which the defendants excepted, and the case was continued to the December Term, 1852, of the County Court, for trial on the pleas of not guilty.

On the trial, at said December Term, the defendants offered to prove in mitigation of damages, that the property sued for was sold and applied in satisfaction of the judgments and executions mentioned and set forth in said pleas of justification, which the court excluded, and found the defendants guilty, and rendered judgment for the plaintiffs for the full amount of their damages. To which the defendants excepted, and the cause came to this court upon this bill of exceptions, and the exceptions allowed at the May term, aforesaid.

*H. E. Stoughton,* and *Tracy, Converse & Barrett* for defendants.

The judgment below is clearly erroneous, unless the judgment upon which the execution issued was absolutely *void.*

The question then is, does the fact that the original writ was served less than twelve days before the return day, under the circumstances, render the judgment void? Comp. Stat. 234, § 38.

The statute does not say that the *service* shall be *void,* if less than twelve days, much less does it make the *judgment void,* if less than twelve. The statute declares writs, &c., served after sundown, Saturday night, "*null and void in every respect;*" yet who would contend that a *judgment* following such service, would be *void?* Comp. Stat. 243, § 15.

The statute forbidding sheriffs making writs, &c., and declaring them *void,* has been upheld, and the same officer justified under an execution issuing upon such judgment. Comp. Stat. 99, § 26. *Sewall* v. *Harrington,* 11 Vt. 146.

So the statute requiring a certificate of the " day, month and year," &c., declaring the writ *void* without it, does not render the judgment upon said writ *void. Allen* v. *Huntington,* 2 Aik. 249.

An officer making attachment of property more than sixty days before trial, obtained no *lien* as against the levy of an execution. *Nelson* v. *Dennison,* 17 Vt. 74. The same would be the consequence of an attachment less than six days, and for the same reason, viz: the requirement of the statute.

Now if the *judgment* upon the writ served less than six days be *void,* so would it be void for the same resson, when served *more than sixty days ;* yet it never was suggested, in the case above named, that the judgment was *void,* nor could such pretence be made with any plausibility.

In case of *Prigg* v. *Adams,* 2 Salk. 674, where an English statute declared judgments *void* under circumstances, yet it was determined that a judgment rendered in violation of the statute, was not absolutely *void,* but good and valid till set aside. This case is cited with approbation by the court in *Allen* v. *Huntington,* and *Sewall* v. *Harrington.*

What then is the distinction between a judgment *void* absolutely, and *voidable?* Courts proceeding according to the course of the common law, having *jurisdiction of the cause,* their judgments are not *void,* though they may be *erroneous* or *irregular.* Statutes that

declare original writs *void*, do not render judgments void. *Bannister* v. *Higginson*, 15 Maine, 73. *Smith* v. *Rice*, 11 Mass. 507. *Gilman* v. *Thompson*, 16 Vt. 643.

If this judgment is absolutely *void* in this case, how could the court render any valid judgment, *upon plea* in abatement even? The whole matter must be treated as *coram non judice*.

Will it be said, that under the authority of the case of *Nelson* v. *Dennison*, the officer by the attachment acquired no *lien* on the property, and therefore plaintiffs could sustain their suit for it?

We answer, it does not follow from that decision, that defendant could seize or sue for the property in hands of officers. In the case referred to, it was a creditor. But if the attachment in this case conferred no *lien*, as against the defendants, still the judgment below was erroneous, as the same property was sold on execution, which was valid until judgment was set aside, or otherwise vacated. If then the execution did not furnish a complete justification, it had an important bearing upon the question of damages, and was therefore improperly rejected.

*R. Washburn* and *P. T. Washburn* for plaintiffs.

The plaintiffs contend, that the said writs, or either of them, conferred no authority on the officer to serve the same; and that the said judgments, and each of them, and the executions which issued thereon, are wholly null and void, and that it cannot be taken into consideration, in mitigation of damages, that the property, or any part thereof, was applied on said executions. Comp. Stat. 234, §§ 38, 32. *Parsons* v. *Loyd*, 3 Wilson, 341. *Paine* v. *Ely et al.*, 1 D. Chip. 37. *Brace* v. *Squire et al.*, 2 D. Chip. 49. *Bond* v. *Wilder*, 16 Vt. 393. *Skinner* v. *McDaniel*, 4 Vt. 418. *Nelson* v. *Dennison*, 17 Vt. 73. *Bank of Rutland* v. *Parsons*, 21 Vt. 199. *Kellogg exparte*, 6 Vt. 509. *Hayden* v. *Shedd*, 11 Mass. 500.

The opinion of the court was delivered by

REDFIELD, CH. J. Two questions arise in the present case. 1. If a writ of attachment, returnable before a justice, in a different county from that in which it is served, be served by attaching property, less than twelve days before the return day, and no appearance is made by defendant, and judgment is given by default, is the judgment valid?

Hammond & Draper *v.* Wilder & Locke.

We think it must be admitted by every lawyer, that this is matter of abatement, and abatement only, when the defendant does appear. It could not be pleaded in bar of the action. It is no ground of a writ of error. If not pleaded strictly in abatement, it would no doubt be regarded as waived.

Is there any such case, where the defect has been held fatal to the proceeding, when the defendant does not appear? So far from this, it is true, that even matters of error, and which, on writ of error, would be held fatal to the proceeding, when fully apparent upon the record, do not render the judgment void. There is no case, in which the judgment of a court of record, of general jurisdiction, has been held void, unless for a defect of jurisdiction. This seems to be conceded in argument, and it is attempted to make this defect amount to a want of jurisdiction. But this is certainly a new view of the subject. It is but a defect of service, and not more important than thousands of other defects. It was never supposed before, that because the proper time was not given to a defendant to prepare for trial, the whole proceedings were rendered utterly void. And it is impossible to make this result from the form of the provisions of the statute. If we extend such a doctrine to one case, we must to all; and if it apply to justice courts, it must to the County Court, and to this court.

And to be consistent, we shall have to extend it to all omissions of the statute requisites, either in the writ or service, if apparent on the face of the proceedings. If a writ of summons is served by reading, the party may disregard it, and the judgment is void. This would certainly work a very important change upon this subject, and one of immense consequence, in a practical point of view —one which will virtually overthrow the whole doctrine of the conclusiveness of judgments, and make them to depend altogether upon their entire regularity, in regard to all the preliminary proceedings, so far as they appear on the face of the papers, which is a very precarious reliance, and which leaves every thing in such a state of uncertainty, as to render nothing stable or secure, and virtually to encourage speculation and litigation.

It is true, that this whole doctrine of the conclusiveness of judgments, even against the proof of express fraud of the grossest character, in their concoction, is altogether one of policy, and one which it is somewhat difficult to explain to the full and ready com-

prehension of the unprofessional mind; but still a doctrine, which lies at the very foundation of every system of rational jurisprudence, and which is altogether indispensable to the quiet and good order of society.

A man of unsophisticated mind would naturally conclude that it would be wise to hold all judgments void, when it appeared, on the face of the proceedings, that any statute requisite is omitted; and we all begin life with some such sweeping notions of specific equity, but we soon find that these things have to be disposed of as we go along, each in its proper time, and made conclusive often upon a short limitation. And the moment we infringe the integrity of the rule, that matters of abatement to a writ, if not strictly pleaded, are forever waived, it would become necessary to have one continuous session of this court, to try pleas in abatement, to judgments rendered at all times within the statute of limitations.

This matter has been considered as so long settled in this State, that it is not probable it would ever have been attempted to be raised, in any other form, except in abatement, as has always been done heretofore, had it not been for the case of *Nelson* v. *Denison,* 17 Vt. 73. And that case only decides, that as to persons, not parties to the suit, such attachment creates no *lien,* not even by consent of the debtor, and that this question is in no sense affected by the judgment, because other attaching creditors are not parties to the proceedings. That made the case a very close authority in the case of *McKenzie* v. *Ransom,* 22 Vt. 324. For in that case, the claimant was not a party to the trustee process, in its inception, and ordinarily is not to be concluded by matters *inter alios.*

But the case of *Nelson* v. *Denison* has no analogy to the present case, as that controversy was between one attaching creditor and another, not parties to the proceedings in question, and of course not concluded by them. In that case the other attaching creditors were not in a situation to be concluded by the proceedings, and on general principles, could not object to the irregularity in the very suit, and might therefore properly be allowed to take the course they did, to try the question, i. e. attach the same property.

But here the party has ample remedy by appearance and plea in abatement, and if he does not choose to take the remedy which the law gives, he has no one to blame but himself. The consideration, that it is possible to suppose extreme cases, does not alter

the principle of a rule,—extremes prove nothing. If the time is so shortened, as to render it practicably impossible for the party to appear, it would no doubt be regarded as a fraud, and the remedy of *audita querela* be applied to it, or a remedy given by bill in equity, as has often been done in the State of New York.

It is scarcely needful to quote authorities upon this subject; the books are full of cases. In matters of abatement the result is the same, whether the party omit to appear, or appearing, do not plead them in time, or plead them and have them decided against him. And in my judgment, it would be just as plausible to allow the defendant to defeat a judgment, in an action of debt upon it, upon matter of abatement, when it had been pleaded and overruled in the previous proceedings unlawfully, as to allow this judgment to be defeated upon the ground claimed.

2. It may be made a question, whether, if the judgment is valid, how the officer will stand as to the party to the suit. Is he a trespasser in the original taking? For there are no doubt cases, where the officer is clearly a trespasser, that the service is so far valid, that if the party does not appear, the judgment is valid. Such is the decision of *Kelly* v. *Paris*, 10 Vt. 261, where the writ was served by a special officer, not appointed in conformity to the statute.

But we think the officer should not be here regarded as a trespasser. There is no defect in his authority, and no express prohibition upon the face of the writ, as to the time of service, like that in an execution. And the time of service is within the general time limited for serving justice writs, not less than six days, nor more than sixty days, so that the case is not that of the violation of a prohibitory statute, as seemed to be supposed in the argument, if the distinction was of any importance, which it is not, but the irregularity is in omitting to follow a special provision in regard to the time of notice in a particular case, requiring twelve days, and is in principle much like the disregard of some personal privilege or exemption, as in the case of witnesses and parties, who are privileged from arrest—or sheriffs who are entitled to eighteen days notice, or corporations, to thirty days notice.

There is no defect on the face of the writ, as in *Parsons* v. *Loyd*, 3 Wilson 341, for here the writ was regular, and ample time to serve it throughout the county of its return, but more notice was

Hammond & Draper *v.* Wilder & Locke.

required under the particular circumstances. The statute does not attempt to prescribe the remedy, but the original framers of our statutes, and all who have been concerned in their revision, understood well the remedy, and we are not prepared at this late day to give any more efficient or extended one.

In cases where the statute provides that a service on a particular day, as Sunday, "shall be null and void in every respect," it is probable courts might apply a somewhat different rule, not to the extent of making the judgment void, but as to the liability of the officer. But that case has not the remotest analogy to the present, in our judgment. This is, and has always hitherto been regarded by the profession, as mere matter in abatement, and it is too late for this court to introduce so glaring a novelty out of regard to some remote analogy to a case, which certainly, in our opinion, ought not to be extended by implication, or inference. The replication in this case, call it as we will, is but a plea in abatement to·the former writ, and if it is fatal to the proceedings, being apparent on the record, the plaintiffs might ·have demurred, and the judgment must have been void, or voided on demurrer. ' So too, in debt upon the judgment, the defendant might either plead in abatement or demur at his election; such results are far more speaking than any illustration.

Judgment reversed, and judgment that the replication is insufficient, and that defendants recover their costs.

---

NOTE. Want of jurisdiction, arising from irregularity of the process, is waived by pleading to the merits. *Eaton* v. *Houghton*, 1 Aiken 380.

In *Kellogg exparte*, 6 Vt. 509, and in *Kelly* v. *Paris*, 10 Vt. 261, it is expressly declared, and was then and always since considered as settled by the court, " That defects in process, or in the return of the officer, must be objected to by plea in abatement, or they will be cured.

Numerous instances might be cited, where it has been held, by this court, and other courts of last resort, that defects in writs, which by express statute are declared to make the writs absolutely void, still judgments rendered upon such writs without appearance are perfectly valid, until reversed for error. There is an elaborate opinion by JUDGE PRENTISS, in 2 Aiken upon this subject, which limits and qualifies some of the earlier decisions. And in the case of writs served by officers interested in the suits, even when the interest appears on the face of the proceedings, as where writs against towns were served by their constable, before the statute, it was never supposed that the officer was a trespasser, or the judgments void; and still the statute, in terms, prohibits such services. *Charlotte* v. *Webb*, 7 Vt. 38, decides it must be by plea, and not on motion merely.

Hammond & Draper *v.* Wilder & Locke.

The statute of 1797 expressly provided, that writs in penal actions, on which the true day, month and year was not properly minuted by the authority issuing, should be void, and still the defect was regarded as matter in abatement only. *Allen* v. *Huntington,* 2 Aiken 249. If but one copy be left with two or more defendants, it must clearly be pleaded in abatement. *Gilman* v. *Thompson,* 11 Vt. 643, and there the defendants were out of the jurisdiction. Is leaving no copy, better than leaving a copy on too short time?

In *Prigg* v. *Adams,* 2 Salk. 674, the judgment was rendered in a case where the act of Parliament expressly provided, that no judgment should be rendered, and that if it were, it should be void; still the court held the judgment good till set aside, and this case is cited with approbation by PRENTIS, J., in *Allen* v. *Huntington.* And the case in this county, where in suit against a corporation, a plea in abatement was held bad for informality. But if the doctrine contended for here have any foundation, there was not only no necessity of any plea in that case, but the party had only to stay away, and any judgment the court should render would be absolutely void. *Lamb, Admr.* v. *Windsor Co. Mutual Fire Ins. Co.*

For the purpose of sustaining the execution, it is only necessary for the party to plead the judgment *in fact,* without reference to the previous proceedings. And was it ever heard of before, that one could impeach that judgment by showing some formal defect in the previous proceedings, as that the writ was not signed, or had no recognizance, or that the service was by an authorized person and not sworn to, or not in sufficient time, or had some other defect, the subject matter of the suit and the parties all being within the jurisdiction of the court? And for a man to be within the jurisdiction of a court, it is only necessary for him to reside within its precinct. It is not even necessary that he should have had any notice, if he reside within the state. See the opinion of PRENTISS, J., *supra.* See also *Cleaveland* v. *Hopkins,* 2 Aiken, 394.

The writ in the case of *Parsons* v. *Loyd,* was held irregular and void, and as such, set aside. And it is there said that if the process is erroneous merely, as is said in all the books, the officer is not liable in trespass for an arrest. That action was brought too, after the writ had been declared void and set aside, as such, by the court from which it issued. But this writ, so far from being set aside, has been confirmed by judgment upon it, and had the objection been made in due time, was at most abateable. *Brace* v. *Squier,* 2 D. Chip. 49, is much the same as *Parsons* v. *Loyd. Paine* v. *Ely.,* 1 D. Chip. 37, is decided upon the ground that commissioners of jail delivery are a special, limited and summary jurisdiction. In *Spaulding* v. *Chamberlain,* 12 Vt., 538, it is decided that the judgment of a justice is as conclusive as that of any other court, and cannot be impeached by showing that both the writ and service was a forgery, and that the justice never saw either, or in fact rendered judgment upon them for a long time after the date of the judgment, and that it was wholly concocted by the party and imposed upon the justice. *Hayden* v. *Shed,* 11 Mass. 500, shows that if property be attached upon abatable process, the officer is not liable in trespass, but only in case. It was once considered, that if a judgment were rendered against a non-resident, at the first term, the judgment was void. *Rider* v. *Alexander,* 1 D. Chip. 267; but it is now fully settled, that such judgment is valid until set aside. The case of *Skinner* v. *McDaniel,* 4 Vt., 418, is a case where the defendant was a non-resident, and no service whatever was made upon him, and the court said the judgment was void, but that was a case of want of jurisdiction.