JOHN F. CARR, *aplt. v.* ISRAEL W. TYLER.

*Authority of indifferent person to serve justice writ not extend-ed by alteration of return day without the justice's concur-rence.*

The alteration of the return day of a justice writ, so as to make it returnable at a la-ter day than the one appointed at the time the writ was signed, will not extend the previous authorization of an indifferent person to serve the writ beyond the time within which it should have been originally served, if such alteration is made without the concurrence of the justice.

This was an action appealed from the judgment of a justice. The defendant filed a plea in abatement, as follows.

"And now the said defendant, by Ossian Ray his attorney, comes and defends, &c., when, &c., and prays judgment of the writ aforesaid, and says that the same ought to abate, because he says that the plaintiff's writ was never, at any time, served on the defendant by any proper officer, or person legally authorized to serve the same; and that no service of said writ was ever made on the defendant, except the pretended service of the same made and en-dorsed thereon by one Samuel Blood, and by him subscribed; that the plaintiff's said writ was signed by Heman Nichols, a jus-tice of the peace in and for Essex county, and dated and issued by said justice on the 30th day of January, 1855, and made returnable before him on the first Saturday of April, 1855, at one o'clock in the afternoon; that said Samuel Blood was not authorized to serve and return said writ by the justice aforesaid, at the time said

writ was so made, dated and issued by him as aforesaid, nor at any time since then, but that the pretended authorization of said Samuel Blood to serve and return said writ, which appears on the back thereof, and signed by said justice, was made and endorsed thereon a long time before the said plaintiff's writ was dated and issued by him as aforesaid, and that the said pretended authorization was made and endorsed thereon when the plaintiff's writ was dated and made returnable at some day previous to the said 30th day of January, 1855; and that the justice aforesaid has, in no way, recognized, ratified or confirmed the said pretended authorization, since the same was first endorsed upon the plaintiff's writ, all of which the defendant is ready to verify. Wherefore, he prays judgment of the plaintiff's writ, that it may be quashed, and for his costs."

No copy of either the original writ, or of the replication to the above plea, came into the hands of the reporter.

The county court, May Term, 1855,—adjudged that the writ abate, to which the plaintiff excepted.

*Cooper & Bartlett* for the plaintiff.

This plea in abatement all taken together shows Blood properly authorized, and that the service is sufficient to hold the defendant.

The justice judicially determined two facts; 1st, That the writ was likely to fail of service for want of a legal officer; 2d, That Blood was a proper person to serve the writ. This was a compliance with the statute; *Kellogg ex parte* 6 Vt. 509.

The alteration of the return day of a justice writ does not change the process; and no sound reason can be given why it should avoid the authorization.

Suppose a writ made returnable on Sunday by mistake, and some one authorized to serve it, but before service the error is discovered, and the return day altered by the plaintiff, and service made by the person authorized, without calling on the justice; is not that service good?

This plea is bad in form; it commences and concludes with a prayer of judgment, while the matter pleaded is *dehors* the writ. Apparently, upon inspection, the writ is right; *Langdon* v. *Roberts,* 20 Vt 286

It does not aver in what way, or by whom the writ was served. This should appear affirmatively; 20 Vt. 286.

*O. Ray* for the defendant.

I. The authorization of a special officer, to make service of process, is a judicial act which can be exercised only by the authority signing the process; *Kelly* v. *Paris et al*, 10 Vt. 261; *Ross* v. *Fuller et al*, 12 Vt. 265; and this authority cannot be delegated. The magistrate must determine not only the fitness of the person, but of the occasion; and the fitness of the person with reference to the particular case; *Kelly* v. *Paris et al, ubi supra.*

II. When the plaintiff's writ, as first made out, failed of service, Blood's authority to serve the same expired also; and nothing could give him power to serve it, after being re-dated, except a new appointment.

III. The writ, as first made out, and failing of service, is to be treated as a blank. If the plaintiff had made another writ against the defendant, instead of altering the date of this one, the appointment of Blood to serve one of them, would have conferred no authority upon him to serve the other.

The opinion of the court was delivered, at the circuit session in September, by

REDFIELD, CH. J.    The only question attempted to be raised in this case, as we understand the pleadings, is whether the authorization, by a justice of the peace, of an indifferent person to serve and return a writ before such magistrate, is *functus officio* when the time of service expires, or may be revived by extending the return day of the writ without the concurrence of the magistrate. At first we were inclined to say the authority to serve the writ, was revived by the alteration of the return day of the writ. It has been held that such alteration is not the making of a new writ, within the statute prohibiting sheriffs from making writs; and such a writ, altered from one originally made returnable at a different day, is not to be regarded as a writ signed in blank.

But still we are satisfied that if the ground of argument assumed in *Kelly,* v. *Paris*, 10 Vt. 261, is sound, that the justice must determine the "occasion" for appointing a special officer to serve the

51

writ, then the authority should be regarded as expiring with the time within which the writ might be served, as originally issued. For although the fitness of the person to serve the process is determined, with reference to the action, the parties, and all other incidents, absolutely, still the necessity of such an officer being appointed upon the occasion or emergency is only determined up to the time limited in the writ for service. Beyond that, the justice has not adjudged the necessity of any such appointment. And if the mere alteration of the return day of the writ is to determine the extension of this necessity to all after time, one very essential element in the discretion is chiefly taken from the justice.

That the occasion for the particular appointment was regarded as a very important point in the exercise of the discretion by the magistrate, will be apparent from an examination of the statute, conferring the authority. It is in these words " Whenever it shall be made to appear to a justice that any precept returnable to him may fail of service, for the want of a proper officer, seasonably to be had, he may authorize, &c. And the very *casus agendi*, or contingency in which he may act, is made to depend upon its being shown that the precept may fail of service by reason of no officer being seasonably to be had. And although it is, no doubt, a question resting absolutely in the *discretion* of the justice when the contingency does occur, it is certainly most unsound to infer that because he determines the contingency, upon one state of facts, up to a certain time, that any one, at will, may extend it indefinitely. Such a construction seems to us directly at variance with the language and the purpose of the statute.

Judgment affirmed.